10067

### GERMANY v. KELLEY.

(96 S. E. 959.)

1. BOUNDARIES — DESCRIPTION — PLATS. — In a boundary dispute action,. defendant *held* bound by a plat recorded in his chain of title excluding the disputed land.

2. APPEAL AND ERROR—JUDGMENT—ERRONEOUS RECITAL AS TO VERDICT —A judgment erroneously stating that the jury found a verdict, instead of saying that the Court directed one, is not reversible therefor.

3. APPEAL AND ERROR — HARMLESS ERROR. — Excluding the defendant from explaining certain testimony given in reply, if error, was harmless, where such testimony could not have affected the real issue.

4. COSTS—ON APPEAL—PRINTING—VIOLATION OF COURT RULES.—Where appellant was not responsible for the preparation of a case in utter violation of a Court rule, *held,* that appellant should have judgment against respondent for his printing disbursements, upon affirmance.

Before MEMMINGER, J., Richland, Spring term, 1918. Affirmed.

Action by Frederick W. Germany against John W. Kelley. Judgment for plaintiff, and defendant appeals.

*Messrs. Barnard B. Evans* and *Jas. H. Hammond,* for appellant.    *Mr. Evans* cites : *As to the motion for a directed verdict:* Modern American Law, vol. X,. p. 183 ; 96 S. C. 153.    *As to a request to charge invading the province of the jury:* 99 S. C. 432.    *As to charge assuming a disputed fact:* 89 S. C. 502 ; 96 S. C. 74 ; 99 S. C. 201 ; 74 W. Va. 1. *As to charge on adverse possession:* 95 S. C. 120 ; 95 S. C. 152.    *As to charge rendering an opinion on the facts:* 100 S. C. 33.    *As to claim of a grantee of land, who entered into*

*possession of the land as marked on the ground, and founded on color of title, consisting of a deed and plat:* Code of Procedure of 1912, secs. 127-128; 83 S. C. 191. *As to the effect of payment of taxes for the statutory period:* 95 S. C. 245. *As to adverse possession:* 91 S. C. 300; 95 S. C. 120; 98 S. C. 289; 95 S. C. 245; Code of 1912, secs. 127-130; 86 S. C. 461. *Possession of any part under a written instrument or decree will be possession of the whole:* 82 S. C. 215. *As to adverse possession by defendant:* 78 S. C. 513; 87 S. C. 577; 860 S. C. 358; 79 S. C. 438; 82 S. C. 359; 87 S. C. 166; 86 S. C. 461; 86 S. C. 483; 87 S. C. 388; 78 S. C. 513; 82 S. C. 358; 86 S. C. 285; 78 S. C. 23; 82 S. C. 534. *A nonsuit cannot be granted if there is any competent evidence to go to the jury:* 90 S. C. 384; 92 S. C. 33; 92 S. C. 528; 95 S. C. 120. *As to the effect of the admission of incompetent evidence for plaintiff:* 93 S. C. 538. *Defendant can hold the line marked out:* Harper 232; 1st Cyc. 1124. *As to questions for jury to determine:* 98 S. C. 42; 95 S. C. 302; 96 S. C. 153; 96 S. C. 358; 97 S. C. 331; 97 S. C. 403; 95 S. C. 428. *If there is any evidence in favor of a party, the Judge cannot direct a verdict against him:* 98 S. C. 279; 100 S. C. 107. *The Circuit Judge cannot pass upon the credibility of witnesses:* 96 S. C. 398. *Where the testimony is conflicting the question is for the jury:* 101 S. C. 249; 91 S. C. 439; 101 S. C. 433; 102 S. C. 433; 104 S. C. 16; 99 S. C. 421; 106 S. C. 123; 103 S. C. 1; 104 S. C. 63; 104 S. C. 214; 108 S. C. 92. *It is the policy of the law to hear cases fully on their merits and not dismiss them unheard:* 93 S. C. 358. *Where testimony containing new matter is introduced by the plaintiff after the defendant has closed, failure to allow defendant to contradict or explain it is reversible error:* 104 S. C. 116. *To maintain an action of quare clausum fregit, the plaintiff must prove that he was in possession, actual or constructive, when the trespass was committed, and possession is a question of fact for the jury:* 105 S. C. 329. *Where the answer does not contain allegations sufficient to consti-*

*tute a defense, the proper remedy is by demurrer and not by a motion for direction of a verdict:* 102 S. C. 77. *The Court must charge the law and allow the jury to apply it according to the facts as they find them:* 102 S. C. 77.

*Messrs. Melton & Belser, Edward L. Craig* and *W. H. Cobb,* for respondent. *Messrs. Melton & Belser* and *Craig* submit: *If he had the legal title, he was presumed to be possessed of the land within the ten years, and it was necessary to rebut this presumption by proof of continuous adverse possession of some other person for ten years:* 71 S. C. 330; Code of Procedure (1912), sec. 126. *As to the actual possession of part of a tract of land under a deed, and the extension of possession to the boundaries without regard to the quantity actually occupied:* Code of Procedure 1912, sec. 128; 26 S. C. 219; 25 S. C. 181; 3 Strob. 498; 2 Strob. 24; 2 Speer 450; 1 N. & M. 369; 3 Brev. 153; Cyc. 1126. *Defendant's evidence failed to establish his allegation that his claim to the area in dispute was founded upon a written instrument:* 13 Cyc., p. 633-4; 8 Rich. (42 S. C. L.) 315. *Defendant has never protected the land by a substantial enclosure, nor cultivated it:* Code of Procedure (1912), sec. 130. *Defendant's acts were mere occasional trespasses, and could not under any circumstances ripen into title:* 4 Rich. 68; 53 Am. Dec. 715; 133 Ill. 657; 23 N. E. 425; 24 N. E. 674; 62 N. H. 400; 25 N. J. L. 1; 55 Pa. St. 172; 1 Cyc. 990; Dudley (S. C.) 177; 2 Mott & McC. 343; 10 Am. Dec. 609; 1 Cyc. 991-992; McMull. 354; 2 Rich. 627. *The possession must be actual, physical, exclusive, hostile and continued during the time necessary to create the bar under a statute of limitation:* 1 Cyc. 981

August 2, 1918.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action by the respondent to enjoin the defendant, an adjoining landowner, from trespassing on his property. The defendant set up title in himself under a deed from one Harman. Under defendant's chain of title the deeds refer to the previous conveyances as the same land conveyed to the grantor. In that chain of title there was a plat made by Surveyor Boykin. It is not disputed that the Boykin plat does not include the land in dispute. The defendant pleaded the 10-year statute, and also the presumption of 20 years' possession. The trial Judge directed a verdict for the plaintiff, and from the judgment entered on this verdict, the defendant appealed.

1. The plaintiff had, by his deeds and plats, made out *prima facie* case in himself. So far as the title derived From Harman is concerned, the defendant is bound by the Boykin plat, and the evidence is undisputed that the Boykin plat does not include the land in dispute.

2. The defendant must, therefore, rely for title upon his adverse possession. For this possession defendant relies upon a few isolated acts of cutting trees and hauling straw. *Porter v. Kennedy,* 1 McMul. 357:

"Until the trespass had been committed, for which this action was brought, the plaintiff's title was not put in jeopardy, and he was not bound to sue, and of course, as long as he had no cause of action, defendant had no foundation of title."

There was no evidence that these trespasses had continued for a sufficient time to ripen title in the defendant, and there was no error in directing a verdict for the plaintiff.

3. The statement in the judgment that the jury found a verdict, instead of saying that the Court has directed a verdict, is not reversible error. The case has been considered on a directed verdict.

4. While there was conflict of testimony, the conflict did not affect the cardinal questions in the case.

5. The last question to be considered is: Was it error not to allow the defendant to explain certain testimony given in reply? The case does not show that testimony would have affected the real issue.

This case has been prepared in utter violation of the rule. It also shows that the appellant is not responsible for the case as filed. If appellant had also appealed from the order settling the case, a different question would have arisen. It is sufficient to order that while the judgment appealed from is affirmed, it is ordered that the appellant have judgment against the respondent for the disbursements in printing the case.