15682

DANIEL v. TOWER TRUCKING COMPANY, INC.
(32 S. E. (2d), 5)

334

*Messrs. Wolfe & Fort,* and *Mr. R. A. Dobson,* all of Gaffney, S. C., Counsel for Appellant,

*Messrs. Hall & Saint-Amand,* of Gaffney, S. C., and *Messrs. Osborne, Butler & Moore,* of Spartanburg, S. C., Counsel for Respondent,

PER CURIAM.

This case comes to this Court by way of appeal from the Court of Common Pleas of Cherokee County upon the following facts:

This action was commenced in the Court of Common Pleas for Cherokee County by the service of a summons and complaint on January 12, 1943, and was instituted by the plaintiff, as administrator of the estate of Mrs. Mitchell Goforth Daniel, deceased, for the recovery of actual damages in the sum of $25,000.00 by reason of the alleged wrongful death of Mrs. Daniel, the action being brought under Sections 411 to 413, inclusive, Code, 1942, for the benefit of the children of plaintiff's intestate. The defendants are Tower Trucking Company, Inc., a corporation, whose alleged negligence in the operation of one of its trucks was alleged by plaintiff to have proximately resulted in his intestate's death, as appears from the amended complaint, and American Fidelity & Casualty Company, an insurance corporation, which had filed a bond or liability insurance policy covering the defendant Tower Trucking Company, Inc., under the provisions of Section 8511, Code 1942.

In due course, the defendants answered the complaint denying the material allegations and pleading contributory

negligence, imputed negligence and incurred or assumed risks, as appears from the amended answer.

Counsel for the plaintiff in due time moved to strike out the fourth defense of the answer, and by stipulation of counsel for all parties the answer was amended in certain particulars, with the agreement that the plaintiff's motion to strike the fourth defense of the original answer should apply equally to the fourth defense in the amended answer, and that plaintiff's rights under the motion should be preserved and the motion disposed of prior to trial. This motion to strike the fourth defense was made upon the grounds "that said allegation is irrelevant and the matter therein alleged has no connection with, or effect upon the cause of action alleged in the complaint." And this motion was heard by the Presiding Judge prior to the trial and was refused.

The complaint was amended, by stipulation of counsel, pursuant to a previous order striking out certain portions thereof, in particulars not here important.

The case duly came on for trial upon the issues made by the pleadings, as amended, before Hon. L. D. Lide, Judge of the Twelfth Circuit, regularly presiding in the Seventh Circuit, and a jury, at the November, 1943, term of the Court of Common Pleas for Cherokee County. The plaintiff offered evidence, following which the defendants offered evidence, and at the conclusion of same (except that of the witness DeLane Ellis, which was subsequently presented) defendants moved for a directed verdict, which motion was refused. This motion was renewed and likewise refused following the taking of the testimony of the witness DeLane Ellis.

The trial was commenced on Tuesday morning, November 2, 1943, and the testimony of the plaintiff's witness, Charles Ellis, was taken and completed on the afternoon of that day, and other testimony for the plaintiff was taken

on that day. The remainder of the testimony for the plaintiff, and the testimony for the defendants, was taken on Wednesday, November 3, 1943; and counsel for the respective parties anounced that their testimony was concluded. The case was reached for argument to the jury at about five o'clock that afternoon, and one argument was then delivered in behalf of the plaintiff and one in behalf of the defendants.

At the opening of the Court on Thursday morning, November 4, 1943, counsel for the defendant moved the Court for leave to offer as a witness DeLane Ellis "in connection with Charles Ellis' testimony;" and the Court permitted him to be sworn, and to testify (over the objections of plaintiff's counsel) to the extent, and for the reasons, shown by the record. After the testimony of DeLane Ellis had been taken plaintiff's counsel moved the Court to be allowed to place Charles Ellis back on the stand to reply to the testimony of the witness DeLane Ellis, and an additional witness to "corroborate the testimony of Charles Ellis," but the motion was refused by the trial Judge for the reasons shown by the record.

Thereafter the second argument in behalf of the plaintiff was made to the jury, followed by the second argument in behalf of the defendants; and then the closing argument in behalf of the plaintiff was made.

A number of requests to charge were submitted by counsel for the plaintiff and for the defendants, respectively, and upon completion of the argument of counsel to the jury, the Presiding Judge delivered his charge. The jury retired and later returned a verdict for the defendants, upon which judgment was duly entered in their favor against the plaintiff.

Due and timely notice was given by plaintiff's attorneys of intention to appeal to the Supreme Court "from the verdict on judgment to be entered, and from the ruling and

charge of the Court, upon exceptions and transcript of record to be duly served."

The time having been extended for serving a proposed transcript of record and exceptions for appeal to the Supreme Court, plaintiff's counsel served the same upon defendants' counsel on January 28, 1944, and the same being unacceptable to them, they served notice of certain proposed amendments (including notice of additional sustaining grounds); and after a hearing thereon the case for appeal was settled by the order of the trial Judge dated February 18, 1944; and the case now comes before the Supreme Court for a hearing upon the exceptions of the plaintiff and the additional sustaining grounds of the defendants as hereinafter set forth.

1. The trial Judge erred, it is respectively submitted, in refusing plaintiff's motion under provision of Section 470 of the Code, to strike out defendants' alleged "Fourth Defense," said "defense" alleging "assumed and incurred risks and dangers incident thereto" on the part of plaintiff's decedent, Mrs. Mitchell Goforth Daniel, in her action against a third-party tortfeasor, the error consisting in that the Court should have held that Mrs. Daniel was chargeable only with the exercise of "due care", and that the "defense" as alleged constituted irrelevant and prejudicial matter.

2. Error in that the trial Court committed clearly prejudicial abuse of discretion in reopening the case after both sides had rested their cases in chief, and after plaintiff's counsel had made the opening argument to the jury, and allowing defense Counsel to put on the witness stand one DeLane Ellis, whose testimony tended to repudiate the testimony of the only eye witness sworn by plaintiff, there having been shown on the part of the defense, no inadvertence or reasonable excuse for surprise.

3. The trial Court erred in reopening the case after both sides had announced closed, and after plaintiff's counsel had

made the opening argument to the jury, and allowing the defense to put up one DeLane Ellis, "in reply," when the testimony of said witness purported to stamp the testimony of plaintiff's eye-witness, Charles Ellis, as false, and in refusing to allow plaintiff to recall Charles Ellis or other corroborating witnesses by way of surrebuttal, the right of "reply" being a fundamental right and prerogative of the plaintiff, established under the Code practice in our Courts.

4. The trial Judge erred in declining to charge for the plaintiff the specifically requested charge that the violation of an officially posted speed limit on a public highway in the state or the abuse of a traffic regulation prescribed by statute relative to operation of trucks or other motor vehicles through residential sections of a city or municipality, to wit: "No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions then existing" (qualified necessarily by the provision as to proximate cause under Subsection (f) to which the Court referred) constituted negligence *per se,* there having been adduced testimony in the record in support of this request.

5. The Court erred in charging defendants' fourth request to charge, to wit: "It is not sufficient to entitle Plaintiff to recover if it appears simply that Mrs. Daniel met her death in the collision involved. Plaintiff must have proven to your satisfaction by the preponderance or greater weight of the evidence that her death in the collision was proximately caused by some act of negligence on the part of Tower Trucking Company. If her death was due to any other proximate cause, Plaintiff cannot recover."

The error consisting in that said charge ignored an essential element of an intervening cause, to wit: that the alleged "any other proximate cause," to have shielded the original wrongdoer, must have been an intervening independent cause, and one such as broke the continuity or

chain of consequences and rendered the negligence of the original wrongdoer remote and inconsequential, and the Court should have so qualified this request to charge.

6. Error in charging said fourth request to charge in that it failed to differentiate between intervening and concurring causes and further ignored the law of "proximate cause."

7. Error in charging defendants' sixth request to charge, to wit: "And even if you find that Tower Trucking Company was negligent, and that Mr. Daniel was also negligent, but that his negligence is not imputable to Mrs. Daniel, but you also find that Tower Trucking Company's negligence was not the proximate cause of the collision, then Plaintiff cannot recover, but the Defendants would not be liable simply because Tower Trucking Company was negligent. That negligence, if there was any, on its part, must also have been proven by Plaintiff to your satisfaction, by the preponderance of the evidence, to have been the proximate cause of the collision", in that said charge was not only misleading to a lay jury but was so phrased as to have challenged the analytical powers of a legal genius to explain.

8. Error in charging defendants' tenth request to charge, to wit: "I charge you that if you find that the driver, Mr. T. D. Daniel, and his wife, Mrs. Mitchell Goforth Daniel, Plaintiff's intestate, were engaged at the time of the fatal collision in a joint or common enterprise, then Mr. Daniel would have been Mrs. Daniel's agent in the operation of the car, and his negligence, if there was any, would be her negligence, and if, in that case, his negligence proximately contributed to the collision in any degree then Plaintiff cannot recover, even if Defendant, Tower Trucking Company, was also negligent, and I express no opinion as to whether it was in fact negligent or not", in that said charge ignored the law of "proximate cause."

9. Error in charging defendants' said tenth request to charge in that said charge involved the doctrine of "comparative negligence" which does not obtain in South Carolina.

10. Error in charging defendants' twelfth request to charge, to wit: "I charge you that, if you find that the defendant, Tower Trucking Company was negligent but that Mr. Daniel was also negligent, and that his negligence proximately contributed to the collision, and you also find that his negligence is imputable to Mrs. Daniel, then her Administrator cannot recover, even if the Defendant is also negligent", in that said charge is not a correct statement of the law. It uses the expression "proximately contributed to the collision" which had no legal sanction or significance and was necessarily confusing to a lay jury.

11. Error in charging defendants' thirteenth request to charge, to wit: "And in this connection I charge you that where there is negligence on the part of the Defendant and also contributory negligence on the part of the Plaintiff, it does not matter which was the more negligent, for the law does not weigh degrees of negligence. Contributory negligence in any degree defeats a recovery for negligence", in that said charge ignored the law of "proximate cause."

12. Error in charging defendants' thirteenth request to charge in that said charge should have been qualified by the presiding Judge so as to have unequivocally impressed upon the jury that any contributory negligence regardless of degree, on the part of the plaintiff, to have defeated her recovery, must have been shown, by the preponderance of evidence by the defendants, to have been the direct and proximate cause of her death, and in the absence of which negligence, said death would not have occurred.

13. Error in charging defendant's fourteenth request to charge, to wit: "I charge you that it is undisputed that the street or highway upon which the Daniel car was traveling

was a stop highway, that is that at its intersection with the highway upon which the Tower truck was traveling there had been erected by the State Highway Department of this State a 'Stop' sign, and erection of this sign is provided for by law, and its erection imposes upon travelers on that street or highway the legal duty of obeying it. This sign legally required of Mr. Daniel that he stop his automobile before entering highway, without regard to whether there was a vehicle approaching or on Highway 18 at the intersection or not", in that said charge misinterpreted and misapplied the "stop-intersection" statute, Section 1616, subsection 21 (a), of the Code of 1942, in the particulars, to wit: (a) Said statute being a criminal statute, was subject to strict construction and (b) when so construed, said statute does not say or mean that it is "mandatory" that a traveler, before entering upon such stop-intersection, must bring his vehicle to a complete stop "whether there is a vehicle approaching, or whether there is another vehicle on the intersection or not," the statute, section 1616 subd. 21 (a) Code 1942, providing definitely to the contrary.

14. Error in charging defendants' fifteenth request to charge in that the Court failed to charge that "it is just as necessary to show that an act declared negligence *per se* was the proximate cause of the injury, as to show that an act so declared by the jury, was such proximate cause." The language used in said charge, to wit: "proximately contributes" not having cured this fatal omission.

15. Error in charging defendants' sixteenth request to charge, to wit: "I charge you that where a 'Stop' sign is erected by the State Highway Department at a street or highway intersection, that the mere presence of such sign at such intersection, without anything further, imposes upon a user of such street or highway, the duty of obeying that sign and bringing his or her vehicle to a complete stop before entering upon the intersection where such 'Stop' sign is

erected", said construction of the statute without qualifica-tion, being contrary to its language and intendment, not only under a strict interpretation, but in the light of common sense and practical experience.

16. Error in charging defendants' twenty-fifth request to charge, to wit: "The law imposes upon a passenger in an automobile the duty of exercising due care and such passenger is responsible for his or her own negligence, if he or she were guilty of such, and if such want of due care on the part of the passenger, if there were any such, contrib-uted proximately to the passenger's injury or death, even though the Defendant may have been negligent", the error consisting in that both Mrs. Daniel and her husband, the driver of the automobile in which she was riding at that time, were killed instantly in the collision and necessarily there was not an iota of testimony to support the implica-tion in the charge that she failed to exercise due care for her own safety.

17. That said charge of said twenty-fifth request to charge was erroneous also in that it ignored the (a) law of proximate cause also in that (b) it ignored the law gov-erning the relationship of guest and (c) failed to differen-tiate between "passenger" and "guest."

18. The trial Judge erred in charging defendants' twenty-sixth request to charge, to wit: "If you find that Mrs. Daniel could, by the exercise of due care on her part, keep a lookout, observe any traffic signs, observe the approach of any vehicles, imminence of any collision, the existence of any other danger, or of any other condition, and could have, by the exercise of due care, have warned the driver of the car in which she was riding, then it was her duty to do so, and if she failed so to do and such failure proximately con-tributed to her death, then she would be guilty of contribu-tory negligence which would defeat recovery in this case, even though the Defendant, Tower Trucking Company,

may itself have been negligent, and in that event your verdict would be for the Defendant", in that said charge was totally unsupported by any evidence whatsoever, both the driver of the car and Mrs. Daniel, plaintiff's decedent, having been instantly killed and there having been no possible source of such testimony available in any event, and the charge in the circumstances being confused and prejudicial.

Said charge of defendants' twenty-sixth request to charge, was also erroneous in that it disregarded the law of "proximate cause," the expression "proximately contributed" being an inept and confusing term to a jury of laymen and in effect, an incorrect charge of the law.

20. Error in charging defendants' said twenty-sixth request to charge in that the charge ignored the essential, to wit: "that for any contributory negligence on the part of Mrs. Daniel consisting of her alleged failure to exercise 'due care' or otherwise, to have defeated her right of recovery, it. must have been shown by the preponderance of evidence on behalf of the defendants, to have been the direct and proximate cause of her death, and without which her death would not have occurred."

21. Error in charging defendants' twenty-seventh request to charge in that said charge (a) ignored the law of proximate cause; (b) assumed proof that did not exist; (c) violated constitutional inhibition as to charge on the facts and confused the jury to plaintiff's prejudice.

22. Error in charging defendants' twenty-eighth request to charge (even as modified by the Court) to wit: "If, in this case, you find that Mrs. Daniel did not keep a proper lookout, did not see the stop sign and the intersection, or the truck of the Defendant, Tower Trucking Company, but that she could have seen and observed such conditions by the exercise of due care on her own part, and that if by so doing she could have warned Mr. Daniel in time to have avoided the collision, then it was her duty to do so, and her failure in

any such respect would constitute contributory negligence on her part, which, if proximately contributing to her death, would bar the plaintiff of any recovery", in that said charge assumed proof that did not exist and in effect charged on the facts.

23. The Court committed error of law in directing the jury, preparatory to resting the case with them for determination, that even if they should find that "defendants' truck, the Tower Trucking Company" was negligent and that such negligence was "the proximate cause of Mrs. Daniel's death," they would have to go further and consider whether or not Mrs. Daniel was chargeable with "imputed contributory negligence"; whether or not her husband, the driver of the car in which she was riding at the time, was negligent; whether or not she herself was guilty of contributory negligence.

24. The Court committed error of law in directing the jury, in effect, that if Mrs. Daniel was guilty of contributory negligence whatsoever, or that her husband was negligent in any respect, that in either event it would defeat her recovery, and that the jury should find for the defendant, the error being that said instruction ignored the law of "proximate cause"; (a) there was no evidence in the slightest degree of negligence on the part of Mrs. Daniel; (b) there was positive proof unrebutted that she was a guest of her husband at the time of her death in his car; (c) there was not a scintilla of proof of their being on a joint or common enterprise and therefore nothing upon which to predicate "imputed negligence."

The first exception alleges error in the refusal of the Court to strike out the "fourth defense" of the answer, but this Court is of the opinion that the request should have been granted. This alleged defense was in addition to a general denial and that of the sole and contributory negligence and willfulness of the driver of the automo-

bile in which plaintiff's intestate met death, allegedly imputable to her, and also her negligence and contributory negligence, willfulness, etc. It appears in the answer as follows: "That, as Defendants are informed and believe, Plaintiff's intestate voluntarily places herself in the care and custody of her husband, Thomas Dixon Daniel, the driver of said automobile, and when he continued to travel at a high and excessive rate of speed, failed to reduce his speed, or to stop, failed to heed the warning stop sign, failed to heed or pay any attention to the apparent dangers of proceeding in the manner in which he was doing, that Plaintiff's intestate knew or should have known and appreciated or should have appreciated the dangers involved, and thereby voluntarily exposed herself to such dangers, and assumed and incurred the risks and dangers incident thereto, and Plaintiff, therefore, canot recover."

In light of the other defenses pleaded this adds nothing, except that the decedent "assumed and incurred the risks and dangers" of riding with her husband. Whatever defendants may have proved under these unusual allegations was relevant under the allegations of the other defenses concerning the driver's negligence (and willfulness) and the alleged imputation thereof to plaintiff's intestate and the allegations of her own negligence and contributory negligence and willfulness. Joint or common enterprise was elsewhere pleaded by the defendants in their answer and the law thereabout was charged by the Court.

Defendants rely in their brief for the propriety of their plea of assumption of risk upon the decision of this Court in *Nettles v. Your Ice Co.,* 191 S. C., 429, 4 S.E. (2d), 797, in which that expression does occur. However, quotation of the whole of that paragraph of the opinion is all that need be considered to show that the Court intended to, and did, find that the plaintiff in that case was guilty, as a matter of law, of contributory willfulness. It appears that there was

no plea of "assumption of risk" and no exception which necessitated consideration of such by the Court. The issue was stated to be whether the only reasonable inference was that plaintiff was guilty of contributory willfulness. The indicated quotation is as follows: "Respondent (plaintiff) knew that Whatley was becoming progressively drunk that evening. No one knew it better than he did. He knew and appreciated the danger to which he was exposed in riding with a driver in that condition. His own testimony shows that. At every stop made by the party that night he could have left the truck and saved himself from harm, but he chose to remain in the truck and to assume the risk of that danger. The only reasonable inference to be drawn from the testimony is that respondent consciously failed to exercise due care for his own safety. We hold, therefore, as a matter of law, that he was guilty of contributory willfulness, without which his injuries would not have occurred."

See also the subsequent similar case of *Augustine v. Christopoulo,* 196 S. C., 381, 13 S. E. (2d), 918.

The defendants also cite in support of this alleged defense 38 Am. Jur., 845 *et seq.,* but the text does not seem to go as far as they contend. It contains the conclusion at page 847 that "assumption of risk rests in contract or in the principle expressed by the ancient maxim, *'volenti non fit injuria,'* whereas contributory negligence rests in tort," which in the opinion of this Court is a correct summation of the law of this State upon the subject. The timeworn illustration of one willingly submitting to personal injury (whereby there can be no legal injury) is of a prizefighter (engaged in a legal bout). 71 A. L. R., 189. An ordinary passenger or guest in a motor car cannot reasonably be held to come within the quoted Latin maxim. Indeed, the following is found at page 848 of 38 Am. Jur. (and the same in substance in 5 Am. Jur., 770, 771) : "There is no assumption of risk on the part of an invited guest in

an automobile from the mere knowledge that the driver on former occasions has so driven his automobile as to indicate that he is likely to drive recklessly."

In the definition of assumption of risk in 7 C. J. S., Assumption, p. 137, there occurs the following: "The term presupposes some danger, a knowledge thereof, a reasonable opportunity to ascertain the nature of the risk, and ordinarily implies appreciation thereof, and acquiesence therein; and has been defined as the acquiescence of an ordinarily prudent man in a known danger, *the risk of which he assumes by contract."* (Emphasis added.)

■ If assumption of risk were pleaded in a legal action arising from the injury and death of Mrs. Daniel, it would be so only against an effort to hold liable the driver of the death car, but such is not this case. Assumption by plaintiff's intestate of the risks of dangers incident to her husband's operation of their car is certainly not available as a defense of the trucking company against liability for its alleged delicts. However, in view of the fact that this defense was ignored throughout the trial and charge we cannot see where the plaintiffs were prejudiced thereby.

■ Exception 2 alleges error on the part of the trial Court in that it was an abuse of discretion to re-open the case after both sides had rested and two arguments for the plaintiff and one for the defendants had been made to the jury.

The plaintiff placed upon the witness stand one Charles Ellis, who testified that he and DeLane Ellis were together; that they were at a filling station near the scene of the collision and that he along with DeLane Ellis was an eyewitness; that he had only told counsel for plaintiff, this, the day prior to trial, the witness, DeLane Ellis, having previously given a statement on the day of the accident that he and Charles Ellis were sitting in the filling station at the stove and did not see the accident.

There was absolutely no reason why respondents should have anticipated that Charles Ellis would show up at the last minute and take the stand as an eyewitness, but on the contrary there was every reason to believe that it would have been utterly useless to have brought DeLane Ellis from his duties in the army to. testify to an utterly negative thing. But when it was found that Charles Ellis was produced as a witness claiming to have eyewitness knowledge of all that transpired, understandably, it took time to make the necessary contacts with the proper authorities to secure permission for DeLane Ellis to secure an immediate leave from his duties at Camp Butner, near Durham, North Carolina, and to make a hurried trip to Gaffney. Therefore, a situation was clearly presented calling for the exercise of sound discretion on the part of the Presiding Judge, and this exception is therefore overruled.

The third exception is perhaps the most important in this appeal. It refers to the allowance by the trial Judge of the defendants to offer their witness, DeLane Ellis, after they had closed their testimony and extended arguments to the jury had been in progress since the preceding day, and *his subsequent refusal to admit evidence in reply.* The stated closing of their testimony by the defendants was without qualification or reservation, and without any notice or other indication that they were trying to locate another witness. If such situation had been frankly disclosed to the Court, the trial would doubtless have been recessed overnight so that the additional witness could have been offered in regular order, but, as said, such was not done.

Over plaintiff's objection this witness, DeLane Ellis, was permitted to testify in contradiction of his namesake's (no relation) testimony of two days before. Mainly it was to the effect that the latter, Charles Ellis, was within the walls of the filling station and not in physical position to observe the nearby collision, of the circumstances of which he had

testified favorably for plaintiff. There were also details of their doings in the station at the time.

Proffer was made of another witness who, it was said by counsel, was also an eyewitness and would corroborate Charles, but it was not allowed. Then the concluding arguments were made and the case sent to the jury with De-Lane's unanswered contradiction of plaintiff's important witness, ringing in their ears.

There is a clear clue in the record of the cause of the able Court's inadvertence. In refusing plaintiff's counsels' plea to be permitted to introduce evidence in reply or rebuttal (which they erroneously called "surrebuttal" see Webster, 1939, p. 2539; 64 C. J., 157; *Ford v. Highway Express,* S. C., 29 S. E. (2d), 760) the Judge referred to DeLane's testimony as reply, but it was not. It was a part of the defendants' evidence. There was no usual "reply" evidence offered by plaintiff prior to his close of the case. He upon whom lies the burden of proof has the right to offer reply. (rebuttal) testimony to that of his adversary and the latter's witnesses, provided it is in the nature of true reply and not such as should have been offered in the case in chief. The latter may also be allowed, but only in the discretion of the Court. 64 C. J., 145 *et seq.* South Carolina cases in 32 S. E. Dig., Trial, Key 62-64.

And in this instance, it appears that the right to reply was more valuable than ordinarily. Here, literally in the midst of the arguments to the jury, one side was permitted to interrupt the usual proceedings to produce a witness, who, in effect, attacked the veracity of a very important witness for the other, and then the door was abruptly closed in the face of further evidence.

It is undoubtedly within the sound discretion of the trial Court to grant or refuse an application for the reopening of a case and the introduction of additional evidence by a litigant who has rested, even after the com-

mencement of arguments to the jury and later. See the South Carolina cases in point in 32 S. E. Digest., Trial, Key 65-72. It is, of course, a judicial discretion which should be exercised with the view of enabling the jury to ascertain the truth with respect to the alleged facts, with fairness to both sides. Fairness here, we think, required that the plaintiff be permitted to introduce competent evidence in reply. In this view, the case comes within the italicized portion of the following quotation from 64 C. J., 163, 164: "On trials before a jury, when the evidence has been closed on both sides and the argument of the cause has commenced, as a general rule no further evidence should be received from either party; but the Judge presiding at the trial, in the exercise of sound discretion, may relax the rule under peculiar circumstances. Whether or not the Court will reopen the case for further evidence, after commencement of the argument, or except where prohibited by statute, or after it has been concluded, is within the discretion of the Court. *But if the introduction of such additional evidence takes the adverse party by surprise, he should be allowed time and opportunity, if desired, to meet it with further evidence on his side. And in a case where the rejection of further testimony causes peculiar hardship, a new trial may be granted.*" (Emphasis added.)

Also of some application is this from 64 C. J., 161: "Where one has rested after the opposite party has stated that he would introduce no testimony, it is an abuse of discretion to refuse to allow him to introduce testimony where the opposite party does so notwithstanding his statement."

See also paragraph 186, 64 C. J., 166, as follows: "If the other party can show that he can probably repel evidence which the Court permits to be introduced after reopening the case, and that it takes him by surprise, the Court should permit him to do so, and should postpone, adjourn, or continue the case, upon his request that the Court should do

so, but it need not permit him to introduce testimony not in reply to the new matter."

For failure to admit evidence in reply to the testimony of DeLane Ellis, the right to introduce which was unsuccessfully sought by plaintiff's counsel, we think the judgment should be reversed and a new trial granted. Thus the third exception should be sustained.

The other numerous exceptions relate to the charge and allege errors, which may not occur upon a second trial of the action, and, therefore, need not be considered here.

The defendants (respondents) regularly submitted an additional ground upon which they contend that the judgment should be sustained, namely, that the Court erred in failing to direct a verdict in their favor in accord with their motion therefor. But consideration of the evidence leaves no doubt that issues of fact were made for trial by the jury, and the Court did not err in so submitting the case.

It is the opinion of this Court, therefore, that the judgment should be reversed and the case remanded to the Circuit Court for a new trial, with the alleged fourth defense of the answer stricken therefrom.

MESSRS. ASSOCIATE JUSTICES FISHBURNE, STUKES, TAYLOR and OXNER concur.

MR. CHIEF JUSTICE BAKER not participating.