1943

T. Walter CAMLIN, Respondent v. BI-LO, INC., STORE NO. 2, Appellant.
(428 S.E. (2d) 6)

Court of Appeals

*Ellis M. Johnston, II* and *Eric K. Englebardt,* Greenville, *for appellant.*

*Don R. Moorhead,* Greenville, *for respondent.*

Heard Dec. 7, 1992.

Decided Feb 16, 1993.

*Per Curiam:*

T. Walter Camlin slipped and fell in Bi-Lo Store No. 2, injuring his left arm. Camlin sued Bi-Lo for negligence, and a jury returned a verdict in his favor for $13,433.31 actual and $100,000 punitive damages. Bi-Lo appeals. We affirm.

Bi-Lo first argues the judge erred by allowing Camlin to impeach its witness without first laying a proper foundation. It contends this error, in effect, gave the jury the mistaken impression that it had "manufactured" evidence. Bi-Lo did not raise this issue when it objected to Camlin's introduction of evidence; therefore, Bi-Lo is prevented from raising it for the first time on appeal. *See Lyons v. Butler,* 288 S.C. 498, 343 S.E. (2d) 630 (Ct. App. 1986). However, had this issue been properly preserved, we would find it without merit. In early discovery, Walt Kramer, Bi-Lo's Director of Loss Prevention, answered an interrogatory by stating he had no knowledge of any person who may have taken a picture of Camlin's accident scene. However, during later discovery, Camlin learned that Jack Sanford, the store manager, did take a picture on the day Camlin was injured. In its defense, Bi-Lo relied heavily on this picture, which showed warning cones at the store's entrance but did not show Camlin lying on the floor, to try to prove Camlin's contributory negligence caused his injuries. Camlin attacked the picture's authenticity when he cross examined Sanford. Sanford first testified that he specifically remembered taking the picture on a Wednesday, but later he changed his testimony upon discov-

ering the date that he wrote on the picture was a Saturday. Kramer testified after Sanford, but neither Bi-Lo nor Camlin asked him about the obvious discrepancy between his interrogatory answer and Sanford's testimony. In reply to Bi-Lo's case, Camlin introduced Kramer's interrogatory answer. The judge did not allow Bi-Lo to respond.

Camlin contends he used Kramer's interrogatory answer as substantive evidence which proves Sanford's picture showed a different accident scene than Camlin's. Bi-Lo argues Camlin impeached Sanford's testimony by publishing Kramer's interrogatory, which gave the jury the impression that Bi-Lo fraudulently "manufactured" the picture. Therefore, Bi-Lo maintains the judge should have required Camlin to lay a proper foundation and give either Sanford or Kramer an opportunity to explain the contradiction regarding the photograph.

The judge did not err in allowing Camlin to publish the interrogatory answer as substantive evidence. *See* Rule 33(d), SCRCP (interrogatory answers may be used to the extent permitted by the rules of evidence). Further, Camlin attacked the authenticity of Sanford's picture before Bi-Lo called Kramer to testify. Bi-Lo was on notice and had an opportunity to explain the discrepancy during its case. Therefore, the judge did not err in not requiring Camlin to lay a foundation before publishing the interrogatory answer in reply.

2. Bi-Lo next argues the judge erred in allowing Camlin to present new evidence in reply. Because Bi-Lo first introduced the picture in its defense, we find Camlin's introducing the answer to the interrogatory did not constitute new matter on reply, and the judge's decision to allow it was not an abuse of discretion. *See Daniel v. Tower Trucking Co.*, 205 S.C. 333, 32 S.E. (2d) 5 (1944); *Bolton v. Western Union Telegraph Co.*, 76 S.C. 529, 57 S.E. 543 (1907) (allowing reply is so particularly within the trial court's discretion that an appeals court will rarely reverse).

3. Bi-Lo contends the court should have allowed it to respond to the interrogatory answer that Camlin introduced in reply. A defendant has a right to respond to new evidence given in reply. *See Strait v. City of Rock Hill*, 104 S.C. 116, 88 S.E. 469 (1916). Because Camlin did not introduce new matter, the court had discretion to refuse evidence

in response. *See Goethe v. Browning,* 146 S.C. 7, 143 S.E. 362 (1928). We find no abuse of discretion in disallowing Bi-Lo's response. Camlin introduced the interrogatory as evidence tending to prove Sanford's picture was taken on a different day than the accident in question. Moreover, had the court erred in disallowing a response, we would find the error harmless. In view of substantial other evidence supporting the jury verdict, we do not believe the excluded explanatory testimony would have affected the result. *See Germany v. Kelley,* 110 S.C. 518, 96 S.E. 959 (1918); *Dennis v. Columbia Electric Street Railway, Light & Power Co.,* 93 S.C. 295, 76 S.E. 711 (1912).

4. Bi-Lo finally argues the court erred in not admitting into evidence Camlin's medical records which show that his injuries had healed. The jury awarded Camlin actual damages only for the amount of his medical bills. Therefore, Bi-Lo has failed to show any prejudice from their exclusion. *See Potomac Leasing Co. v. Bone,* 294 S.C. 494, 366 S.E. (2d) 26 (Ct. App. 1988).

For these reasons we affirm the judgment of the circuit court.

Affirmed.