13829

MURRAY v. THE TEXAS CO.

(174 S. E., 231)

Before Whaley, J., County Court, Richland, July, 1932.

*Messrs. Tompkins & Gary,* for appellant,

*Mr. C. T. Graydon,* for respondent.

April 11, 1934.

The opinion of the Court was delivered by Mr. Justice Stabler.

It appears from the record on appeal that in July, 1931, the defendant company, a Delaware corporation engaged in the business of selling gasoline, oil, and other petroleum products, in this State, appointed the plaintiff, Murray, under the provisions of a written contract entered into at that time by the parties, its commission agent at its service station near Eastover, S. C., to sell its products at retail upon a commission basis. It is alleged, *inter alia,* that the defendant agreed to furnish its own equipment—which was installed by the company—but that such equipment, consisting of gas tanks, etc., was defective when installed or subse-

quently became so; that in October, 1931, because of a defect or break in the container or tank, the plaintiff lost through leakage a large amount of gasoline; that the defendant, being advised of the condition of the equipment, undertook to put it in order, and, after several efforts to find and repair the defect or leak, it finally dug up the tank and for a time left the premises in such condition that plaintiff's business was practically ruined. Judgment was asked for in the sum of $3,000.00.

The defendant, answering, denied the allegations of the complaint, and set up the defenses of estoppel, and the provisions of the contract which it claimed relieved it from its own negligence, or that of its agents or servants.

The case was tried before Judge M. S. Whaley and a jury on January 5, 1933. Motions for a nonsuit and for a directed verdict were overruled, and the jury found for the plaintiff $859.66. Thereafter the defendant made a motion for a new trial, which the Court granted unless the plaintiff remitted on the record $259.66 of the verdict. He complied with the order, and from judgment entered in his favor for $600.00, the defendant appeals.

One of the grounds of the motion for a directed verdict, and which is renewed here by appellant's exceptions, is that plaintiff was precluded from recovering under the following provision of the contract between him and the company: "The agent shall * * * (6) accept full responsibility for and indemnify the Company against all acts and omissions of himself, his agents, employees and servants, and exonerate the Company and hold it harmless from all claims, suits, and liabilities of every character whatsoever and howsoever arising from the existence or use of the equipment at said station."

The defendant, as stated, installed the equipment used by the plaintiff at the service station; and there was testimony to the effect that the company agreed to keep such equipment in repair, but that its failure to exercise due care in

making the repairs had resulted in the practical destruction of the plaintiff's business. The question raised is whether the quoted provision of the contract relieved the company from liability for its negligence in the installation and repair of the equipment furnished by it.

The general rule with reference to such contract is laid down in 6 R. C. L., 727, as follows: "It is, of course, clear that a person cannot by contract relieve himself from a duty which he owes to the public independently of the contract. Whether he can relieve himself from the duties to the other contracting party attaching as a matter of law to the relation created by the contract is more difficult to determine. An analysis of the decisions indicates that even under the view that a person may under some circumstances contract against the performance of such duties, he cannot do so where the interest of the public requires the performance thereof, or where, because the parties do not stand on a footing of equality, the weaker party is compelled to submit to the stipulation."

We think the trial Judge properly refused to grant the motion for a directed verdict on this ground. As stated by him, the provision of a contract relieving one of the parties thereto from liability for his or its own negligence should be clear and explicit. While it is true that the language used in the quoted provision of the contract before us, that the agent shall hold the company "harmless from all claims, suits, and liabilities of every character whatsoever and howsoever arising from the existence or use of the equipment at said station," is broad and comprehensive, it is, as stated by the Court below, provocative of some doubt. The defendant itself wrote the provision into the contract for its own benefit. It could have plainly stated, if such was the understanding of the parties, that the plaintiff agreed to relieve it in the matter from all liability for its own negligence. As it did not do so, we resolve all doubt, as we should, in favor of the plaintiff, and hold that it was not the intent

of the parties to give to the contract as written the effect claimed by the company.

The appellant's contention that there was a total absence of testimony of actionable negligence on its part, and that there should have been a directed verdict on this ground, is without substantial merit. While the testimony, as is usually the case, was in sharp conflict on this issue, there was some evidence—which we do not deem it necessary to review—tending to establish the plaintiff's allegations of negligence, and which required the submission of the question to the jury.

The elements of plaintiff's damages, as testified to by himself and his wife, were (1) loss of gasoline by reason of the leak in the tank or pipe, and (2) damage to his business on account of loss in trade. The appellant argues that the evidence was not sufficiently definite as to such damages to support a verdict for the plaintiff, and that the Court committed error in not so holding.

The loss of gasoline, if any, was unquestionably, under the testimony, an element of damages for the consideration of the jury in making up their verdict. We do not think, however, that the claim of plaintiff's loss of trade in his "store business" could be made the basis of an award for damages. He testified that he sold sandwiches, candies, etc., at the place where the filling station was located; that, before he began to have trouble with the equipment installed by the appellant, he was clearing about $20.00 each week, but that after the trouble started his business began to fail and that he finally had to close his store. The proof, however, fails to show that any loss to such business, claimed by plaintiff to have resulted from the defendant's negligence in the installation and repair of the service station equipment, was in contemplation of the parties at the time that the contract was entered into, or could have reasonably been within their contemplation. Furthermore, the expected profits of the store business, as testified to, were too uncer-

tain and speculative to be made the basis of a recovery. We think, therefore, that this alleged element of damages should not have been allowed, and that the Court was in error in permitting the jury to consider it.

The judgment of the lower Court is reversed, and the case remanded for a new trial.

Mr. Chief Justice Blease and Messrs. Justices Bonham and Carter and Mr. Acting Associate Justice W. C. Cothran concur.