18260

Hemphill P. PRIDE, Appellant, v. SOUTHERN BELL
TELEPHONE AND TELEGRAPH COMPANY,
Respondent

(138 S. E. (2d) 155)

*Messrs. Frank L. Taylor* and *Kermit S. King*, of Columbia, *for Appellant,*

*Messrs. Nelson, Mullins, Grier & Scarborough* and *John C. Carey, Jr.*, of Columbia, *for Respondent,*

*Messrs. Frank L. Taylor* and *Kermit S. King,* of Columbia, *for Appellant, in Reply,*

September 17, 1964.

LEWIS, Justice.

The plaintiff brought this action to recover damages which allegedly resulted from the negligent and willful acts of the defendant in incorrectly listing plaintiff's address and telephone numbers in an advertisement, or classified ad, purchased by him in the yellow pages of defendant's telephone directory. The plaintiff is a dentist and it is alleged that the address and telephone numbers shown under his name in the advertisement were not only incorrect, but were those of another dentist. The advertisement in question was published by the defendant pursuant to a written contract between the parties, in which the liability of the defendant for errors in the publication were limited to an amount not to exceed the charges for such advertisement. The defendant alleged in its answer this contractual limitation of liability as a "separate and partial defense" to plaintiff's claim for damages. The plaintiff thereupon challenged by demurrer the legal sufficiency of the defense upon the ground that such limitation of liability was against public policy and accordingly unenforceable. The lower court overruled the demurrer in a formal order, from which the plaintiff has appealed.

The sole question for determination is whether a telephone company may legally limit by contract its liability for negligence in the publication of a paid advertisement in the yellow pages of its telephone directory.

The demurrer, of course, admits the facts alleged in the challenged defense, which are well pleaded. There is no dispute as to the material facts involved .

The defendant was a public utility engaged in the general telephone business in this State and provided telephone service to its subscribers in the City of Columbia. In connection with its business, the defendant published a telephone directory with a yellow page section therein, in which it accepted and published advertisements, or classified ads, for its subscribers. The plaintiff was engaged in his profession as a dentist in Columbia and was a subscriber to telephone service from the defendant.

Some time prior to its publication, the plaintiff and the defendant entered into a written contract wherein the defendant agreed to publish a classified ad, or advertisement, for the plaintiff in the yellow page section of the telephone directory of December 1961, for which plaintiff was charged a fee in addition to the regular charges for telephone service. This contract contained a provision whereby the parties agreed that the liability of the defendant, "on account of errors in or omissions from such advertisement, should in no event exceed the amount of the charges for such advertisement which was omitted, or in which the error occurred in the then current issue." The validity of this provision of the contract is at issue.

Although the provision in question is in form a limitation of liability, it is in practical effect an agreement against liability, and the parties have so treated it.

The plaintiff contends that the exculpatory provision in the contract in question is violative of public policy, and therefore unenforceable, upon several grounds. He argues, first, that under the law of this State a person may not

under any circumstances validly contract against liability for his negligence. Secondly, it is contended that, if such contractual limitations of liability are valid under certain circumstances, this is not such a case because the contract in question falls within an area of activity in which the defendant occupied the status and relation to the public of a public utility, as to which it may not contract against liability for its negligence. Thirdly, the plaintiff says that, if the foregoing contentions are incorrect and the contract in question is a private one, then the exculpatory provision is against public policy because (1) the contract involves matters in which the public has an interest and (2) the parties to the contract did not stand on an equal footing in terms of their bargaining power.

Questions concerning the validity of an agreement relieving a party to the contract from liability for negligence have been the subject of much judicial consideration. The general question is considered in an annotation in 175 A. L. R. 8, and the particular phase here involved is treated in an annotation in 92 A. L. R. (2d) 917.

It appears that a contractual provision seeking to relieve a party to a contract from liability for his own negligence may or may not be enforceable, depending upon whether it is violative of public policy. 175 A. L. R. 8; *Miller's Mutual Fire Ins. Ass'n of Alton, Ill. v. Parker,* 234 N. C. 20, 65 S. E. (2d) 341. Since such provisions tend to induce a want of care, they are not favored by the law and will be strictly construed against the party relying thereon. When considered valid, it is generally upon the ground that no considerations of public policy are present which would override the fundamental right of freedom of contract.

Although upholding the validity of such agreements under certain circumstances, our decisions recognize the general principle that considerations of public policy prohibit a party from protecting himself by contract

against liability for negligence in the performance of a duty of public service, or where a public duty is owed, or public interest is involved, or where public interest requires the performance of a private duty, or when the parties are not on roughly equal bargaining terms. *Murray v. Texas Co.,* 172 S. C. 399, 174 S. E. 231; *Savannah Bldg. Supply Co. v. Atlantic Coast Line Railroad Co.,* 85 S. C. 405, 67 S. E. 1135. See: Annotation: 175 A. L. R. 14, 16.

In accord with the foregoing principles, and equally applicable to the defendant, this court has held that generally a common carrier is protected by a contractual provision relieving it of liability for ordinary negligence when the contract is private and in no way connected with its public service or the public interest. *German-American Ins. Co. v. Southern Railway,* 77 S. C. 467, 58 S. E. 337; *Mayfield v. Southern Railway,* 85 S. C. 165, 67 S. E. 132; *Savannah Bldg. Supply Co. v. Atlantic Coast Line Railroad Co., supra,* 85 S. C. 405, 67 S. E. 1135 (The circuit court order, affirmed in a memorandum opinion, is printed in the South Carolina Reporter but not in Southeastern. It should also be noted that the judgment of the lower court was affirmed on the authority of *Mayfield v. Southern Railway Co.,* 85 S. C. 165, 67 S. E. 132, incorrectly shown in Southeastern as 84 S. C. 393, 66 S. E. 405).

It is necessary, therefore, to first determine whether the publication of plaintiff's advertisement, or classified ad, in the yellow pages of the telephone directory was in any way connected with defendant's public service as a telephone company.

In our opinion, the publication of plaintiff's ad was wholly a matter of private contract. Such contracts are not required to be filed with the South Carolina Public Service Commission and the Commission exercises no jurisdiction over this feature of the defendant's telephone directory. The defendant was not required to render an advertising service as a part of its duties as a public utility.

If the plaintiff had not purchased the ad, he would have been deprived of no service which the defendant was obligated, or assumed, to render as a public service. Therefore, the publication of the ad in the yellow pages of defendant's telephone directory was within an area of activity in which the defendant could freely contract in its private capacity. See: Annotation: 92 A. L. R. (2d) 940; *McTighe v. New England Tel. & Tel. Co.,* 216 F. (2d) 26; *Mitchell v. Southwestern Bell Telephone Co.,* Mo. App., 298 S. W. (2d) 520; *Smith v. Southern Bell Telephone & Telegraph Co.,* Tenn. App., 364 S. W. (2d) 952.

The plaintiff contends, however, that even if a private contract, the interest of the public required its faithful performance and the exculpatory clause in question was violative of public policy for that reason. The subject matter of the contract did not relate to any duty owed or assumed by the defendant in the performance of its service as a public utility. The relationship of the parties arose in connection with the publication of the ad solely by reason of the contract and not by virtue of any duty owed by the defendant to the public. Since the foregoing was true, no interest of the public was injuriously affected by the agreement in question. *Savannah Bldg. Supply Co. v. Atlantic Coast Line Railroad Co., supra,* 85 S. C. 405, 67 S. E. 1135.

Finally, the plaintiff argues that the provision limiting the liability of the defendant is violative of public policy in that there was an absence of equality of bargaining power between the parties. It is contended that inequality arose by virtue of the fact that the defendant had the exclusive right to publish the telephone directory and, therefore, was the only source from which the plaintiff could obtain the desired advertising. The plaintiff relies upon the general principle that a contractual exemption from liability is invalid where the contracting parties are not on roughly equal bargaining terms. Annotation: 175 A. L. R. 16.

The necessary factual basis for an intelligent determination of this question does not appear in the pleadings. Under such

circumstances, whether or not the contractual exemption from liability is void because of inequality of bargaining power between the parties can be properly determined only after hearing the evidence. We, therefore, indicate no opinion on this question and leave it open for determination in the light of the facts developed at the trial.

While the complaint alleges that the errors of the defendant in publishing the advertisement were negligently and *wilfully* committed, no question is raised as to whether the contractual limitation in question could operate to relieve the defendant of a wilful act. Since such question has not been raised or mentioned in the briefs, we indicate no opinion thereabout.

Affirmed.

TAYLOR, C. J., and MOSS, BUSSEY and BRAILSFORD, JJ., concur.