21544

Roy H. HUCKABY, Appellant, v. CONFEDERATE MOTOR
SPEEDWAY, INC., Respondent.

(281 S. E. (2d) 223)

*Richard H. Rhodes,* of *Burts, Turner, Hammett, Harrison & Rhodes,* Spartanburg, *for appellant.*

*James W. Hudgens,* of *Ward, Howell, Barnes, Long, Hudgens & Adams,* Spartanburg, *for respondent.*

August 10, 1981.

Ness, Justice:

Appellant Roy H. Huckaby appeals from an order granting respondent Confederate Motor Speedway, Inc. summary judgment. We affirm.

On appeal from an order granting summary judgment, we must consider the evidence in the light most favorable to appellants. Summary judgment should be granted only when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Drafts v. Shull Sausage Co., Inc.,* S. C., 275 S. E. (2d) 577 (1981).

The facts in this case are essentially undisputed. Appellant frequently raced at respondent's track. On May 27, 1979, the appellant signed a "waiver and release" form upon entering the speedway. Later that evening while participating in a race, he was injured when his car was struck from behind, he went up a dirt embankment and hit the metal guardrail. In his complaint, he alleged his injuries were caused by respondent's negligence in improperly installing and maintaining the guardrail.

The trial court granted respondent's motion for summary judgment holding, "the release operates as a complete bar to plaintiff's (Huckaby's) action."

The appellant first asserts the trial court erred in holding the waiver and release barred his cause of action. We disagree.

Although exculpatory contracts are not favored by the courts, as they usually tend to induce a want of care, we have upheld them in some instances recognizing people should be free to contract as they choose. See *Pride v. Southern Telephone and Telegraph Co.,* 244 S. C. 615, 138 S. E. (2d) 155 (1964). Moreover, jurisdictions which have considered waiver and release forms in the context of race tracks have upheld their validity against the challenge that such releases were against public policy. See: *Seymour v. New Bremen Speedway, Inc., et al.,* 31 Ohio App. (2d) 141, 287 N. E. (2d) 111 (1971); *Morrow v. Auto Championship Racing Association, Inc.,* 8 Ill. App. (3d) 682, 291 N. E. (2d) 30 (1972); *Corpus Christi Speedway, Inc. v. Morton,* 279 S. W. (2d) 903 (Tex. Civ. App. 1955).

In *Gore v. Tri-County Raceway, Inc.*, 407 F. Supp. 489, 492 (M. D. Ala. 1974) the court in granting summary judgment held:

"It should be noted that participation in automobile races and other sporting events is a voluntary undertaking. If a prospective participant wishes to place himself in the competition sufficiently to *voluntarily agree* that he will not hold the organizer or sponsor of the event liable for his injuries, the courts should enforce such an agreement. If these agreements, voluntarily entered into, were not upheld, the effect would be to increase the liability of those organizing or sponsoring such events to such an extent that no one would be willing to undertake to sponsor a sporting event. Clearly, this would not be in the public interest." (Emphasis supplied.)

We hold appellant voluntarily entered into the waiver and release agreement with respondent and his cause of action is barred.

■ Moreover, respondent asserts the additional sustaining ground that appellant's suit was barred by his assumption of the risk. We agree.

In *Daniel v. Tower Trucking Co., Inc.*, 205 S. C. 333, 32 S. E. (2d) 5 (1943) the Court held: "no wrong arises to one voluntarily consenting." The Court in *Daniel* used the illustration of a prize fighter engaged in a legal boxing match as one willingly submitting to personal injury. We can hardly imagine a more clear cut illustration of the doctrine of assumption of the risk than appellant's voluntary participation in a sanctioned automobile race.

The order of the trial court granting respondent summary judgment is affirmed.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.