584 S.E.2d 149

David FISHER, as Personal Representative of the Estate
of Daniel Adam Fisher, Sr., Respondent,

v.

Randy STEVENS; Robert E. Poindexter, Individually and d/b/a
Low Country Tops Wrecker Service; Speedway of South Car-
olina, Inc. d/b/a Myrtle Beach Motor Speedway; and National
Association for Stock Car Auto Racing, Inc., Defendants,

Of whom Randy Stevens; Robert E. Poindexter, Individually and
d/b/a Low Country Tops Wrecker Service; and Speedway of
South Carolina, Inc. d/b/a Myrtle Beach Motor Speedway, are,
Appellants.

No. 3665.

Court of Appeals of South Carolina.

Submitted May 12, 2003.
Decided July 21, 2003.

Willard D. Hanna, Jr. and Nancy K. Tracy, both of Surfside Beach, for Appellants Randy Stephens and Robert E. Poindexter, Individually and d/b/a Low Country Tops Wrecker Service.

Perry D. Boulier, and Ginger D. Goforth, both of Spartanburg, for Secondary Appellant Speedway of South Carolina, Inc. d/b/a Myrtle Beach Motor Speedway.

Richard L. Hinson, of Florence, and Ronald G. Kronthal, of Gaithersburg, MD, for Respondent.

CONNOR, J.:

Daniel Adams Fisher, Sr., by and through his Conservator and Legal Guardian, Cole Smith, brought this action asserting negligence, gross negligence, and recklessness claims against Randy Stevens, Robert E. Poindexter, individually and d/b/a/

Low Country Tops Wrecker Service, and Speedway of South Carolina, Incorporated ("Speedway"), for injuries suffered after falling from a wrecker truck at the Myrtle Beach Motor Speedway.[1] All parties filed cross-motions for summary judgment seeking a determination of whether the Release and Waiver of Liability and Indemnity Agreement signed by Fisher bars Fisher's recovery. The trial court partially granted Fisher's motion for summary judgment as to Stevens and Poindexter. The trial court also denied summary judgment to Speedway, finding a genuine issue of material fact existed concerning whether a master/servant relationship existed between Speedway and Fisher.[2] We affirm.

## FACTS

On June 10, 2000, Fisher served on a wrecker crew at Speedway. Fisher signed a release to gain access to the pit area where the wrecker was located and did not pay admission. Fisher had signed the release and served on a wrecker crew on numerous prior occasions. The release states in applicable part:

### RELEASE AND WAIVER OF LIABILITY AND INDEMNITY AGREEMENT

THIS SECTION MUST BE CAREFULLY READ AND SIGNED BY THE APPLICANT IN CONSIDERATION OF BEING PERMITTED TO ENTER FOR ANY PURPOSE ANY RESTRICTED AREA (herein defined as including but not limited to the racing surface, pit areas, infield, paddock area, grandstand area, and all walkways, concessions, and other areas appurtenant to any area where any activity related to the EVENT(S) shall take place) or being permitted to compete, officiate, observe, work for, or for any purpose participate in any way in the EVENT(S)....

---

1. David Fisher, as Personal Representative of the Estate of Daniel Adam Fisher, Sr., has been substituted as Respondent because of the death of Daniel Fisher during the pendency of this appeal.

2. The trial court also granted National Association for Stock Car Auto Racing's (NASCAR) motion for summary judgment. Fisher does not appeal this ruling.

1. HEREBY RELEASES, WAIVES, DISCHARGES AND COVENANTS NOT TO SUE THE PROMOTERS, PARTICIPANTS, RACING ASSOCIATION, SANCTIONING ORGANIZATION OR ANY SUBDIVISION THEREOF, TRACK OPERATOR, TRACK OWNER, OFFICIALS, VEHICLE OWNERS, DRIVERS, PIT CREWS, ANY PERSONS IN ANY RESTRICTED AREA ... ALL FOR THE PURPOSES HEREIN REFERRED TO AS THE "RELEASEES", FROM ALL LIABILITY to the undersigned, his/her personal representatives, assigns, heirs, and next of kin for any and all loss or damage, and any claim or demands therefore on account of injury to the person or property or resulting in death of the undersigned, whether caused by the negligence or gross negligence of the "RELEASEES" or otherwise while the undersigned is in or upon the restricted area, and/or competing, officiating in, observing, working for, or for any purposes participating in the EVENT(S).

. . .

3. HEREBY ASSUMES FULL RESPONSIBILITY FOR AND RISK OF BODILY INJURY, DEATH OR PROPERTY DAMAGES DUE TO THE NEGLIGENCE OR GROSS NEGLIGENCE OF "RELEASEES" OR OTHERWISE while in or upon the restricted areas....

EACH OF THE UNDERSIGNED expressly acknowledges and agrees that the activities of the EVENT(S) are very dangerous and involve risk of serious injury and/or death.... EACH OF THE UNDERSIGNED further expressly agrees that the foregoing release, waiver, and indemnity agreement is intended to be as broad and inclusive as is permitted by the law of the Province or State in which the EVENT(S) is conducted....

During a race on the day of the accident, two racecars crashed on the racing surface and Fisher's wrecker responded to retrieve one of the vehicles. Fisher was riding on the back of a wrecker driven by Stevens and owned by Poindexter. After briefly slowing down to ask if the driver of the first car needed assistance, the wrecker moved off towards the second car. Fisher fell off the wrecker, suffering severe head injuries.

Fisher brought suit alleging negligence, gross negligence, and recklessness. Stevens, Poindexter, and Speedway asserted the release as an affirmative defense. All parties filed cross-motions for summary judgment, asking for a determination of whether the release acted as complete bar to Fisher's claims. The trial court granted partial summary judgment to Fisher against Stevens and Poindexter, finding the release, as a matter of law, does not bar Fisher's claims. The court denied summary judgment to Speedway, finding an issue of fact existed concerning whether Fisher was an employee of the Speedway, thus invalidating the release as being contrary to public policy.

## STANDARD OF REVIEW

In reviewing the grant of a summary judgment motion, this Court applies the same standard which governs the trial court under Rule 56(c), SCRCP. *Baughman v. American Tel. & Tel. Co.*, 306 S.C. 101, 410 S.E.2d 537 (1991). Summary judgment is proper when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Rule 56(c), SCRCP. "In determining whether any triable issues of fact exist, the evidence and all inferences which can be reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party." *Strother v. Lexington County Recreation Comm'n*, 332 S.C. 54, 61, 504 S.E.2d 117, 121 (1998).

## LAW/ANALYSIS

### I. Partial Grant of Summary Judgment

Stevens and Poindexter argue the trial court erred in granting summary judgment to Fisher and finding the Release inapplicable to them as a matter of law. Stevens and Poindexter contend the Release applies to them pursuant to the language releasing "VEHICLE OWNERS, DRIVERS, [and] ... ANY PERSONS IN ANY RESTRICTED AREA" from any liability.

Our Supreme Court, in recognition of the freedom of private parties to contract as they choose, previously has upheld exculpatory contracts such as the one in this case. *Huckaby*

*v. Confederate Motor Speedway, Inc.,* 276 S.C. 629, 281 S.E.2d 223 (1981); *Pride v. Southern Bell Tel. & Tel. Co.,* 244 S.C. 615, 138 S.E.2d 155 (1964). In *Huckaby,* the Court addressed a waiver and release form in the context of a racetrack and held a waiver agreement voluntarily entered into by a racecar driver barred his cause of action for negligence against the defendant speedway. *Huckaby,* 276 S.C. at 630, 281 S.E.2d at 224. The Court noted several jurisdictions have upheld the validity of releases from liability for injuries arising in connection with automobile racing against public policy challenges to their enforcement. *Id.*

However, notwithstanding the general acceptance of exculpatory contracts, "[s]ince such provisions tend to induce a want of care, they are not favored by the law and will be strictly construed against the party relying thereon." *Pride,* 244 S.C. at 619, 138 S.E.2d at 157.

> Common sense and good faith are the leading touchstones of the construction of a contract and contracts are to be so construed as to avoid an absurd result. Where one construction would make a contract unusual or extraordinary and another, equally consistent, would make the contract reasonable, fair and just, the latter construction will prevail.

*Georgetown Mfg. & Warehouse Co. v. South Carolina Dep't of Agric.,* 301 S.C. 514, 518, 392 S.E.2d 801, 804 (Ct.App.1990).

Stevens and Poindexter first claim they are clearly encompassed within the language of the release since they were the driver and owner, respectively, of the wrecker. However, as the trial court found, the terms "vehicle owner" and "driver" are used in this setting to denote the owner and driver of a competing racecar. The NASCAR rulebook governing events at the Myrtle Beach Motor Speedway includes the terms "drivers" and "car owners" within the definition of a "competitor." [3] These two terms of art are not used to identify *any* owner or driver of *any* vehicle. This provision cannot be construed to exempt Stevens and Poindexter from liability for their negligence " 'in the absence of explicit language clearly

---

3. The Myrtle Beach Motor Speedway operates under a NASCAR sanctioning agreement. The sanctioning agreement provides racing events held at the Speedway shall be conducted in accordance with the NASCAR rulebook.

indicating that such was the intent of the parties.'" *South Carolina Elec. & Gas Co. v. Combustion Eng'g, Inc.*, 283 S.C. 182, 191, 322 S.E.2d 453, 458 (Ct.App.1984) (quoting *Hill v. Carolina Freight Carriers Corp.*, 235 N.C. 705, 71 S.E.2d 133, 137 (1952)); *see also Dobratz v. Thomson*, 161 Wis.2d 502, 468 N.W.2d 654 (1991) (finding an exculpatory contract unenforceable as a matter of law due to its ambiguity and uncertainty and stating the facts and circumstances of the agreement must express the intent of the parties with particularity). Neither the wrecker, nor its owner or driver, was explicitly mentioned in the release. Thus, the trial court did not err in strictly construing the language of the release to apply to only the owner and driver of a competing racecar.

■ Stevens and Poindexter additionally rely on the phrase in the agreement purporting to release "ANY PERSONS IN ANY RESTRICTED AREA" from liability. As the trial court found, this phrase is overly broad and its enforcement would offend notions of public policy.

South Carolina courts have not specifically addressed whether an overbroad exculpatory contract contravenes public policy. In an analogous case, *Murray v. Texas Co.*, 172 S.C. 399, 174 S.E. 231 (1934), our Supreme Court addressed whether an indemnity provision relieved a defendant from liability for its own negligence. The Court found the following provision to be broad and comprehensive, yet provocative of some doubt: "The agent shall . . . exonerate the Company and hold it harmless from all claims, suits, and liabilities of every character whatsoever and howsoever arising from the existence or use of the equipment at said station." *Id.* at 401–02, 174 S.E. at 231–32. Resolving all doubt in favor of the plaintiff, the Court found the parties did not intend for the contract to relieve the defendant from all liability for its own negligence since it could have plainly stated such if that was the intention of the parties. *Id.* at 402–03, 174 S.E. at 232. Thus, in *Murray*, the Court resolved the issue on a contractual basis, rather than on public policy grounds. *See also Fed. Pac. Elec. v. Carolina Prod. Enters.*, 298 S.C. 23, 28–29, 378 S.E.2d 56, 58–59 (Ct.App.1989) (finding a broad, comprehensive indemnity provision to be nonetheless provocative of some doubt concerning its application, thus resolving doubt in favor of party against whom enforcement is sought).

In *Richards v. Richards,* 181 Wis.2d 1007, 513 N.W.2d 118 (1994), the court found an overly broad exculpatory contract void because it was against public policy. In *Richards,* a truck driver's employer required the driver's wife to sign a "Passenger Authorization" form before she could accompany her husband. The language of the form purported to relieve the employer and "all affiliated, associated, or subsidiary companies, partnerships, individuals, or corporations, and all other persons, firms, or corporations" from any and all liability for harm to the person signing the form. *Id.* at 119–122. In holding this provision overly broad and in contravention of public policy, the court noted the "very breadth of the release raises questions about its meaning...." *Id.* at 122.

If we agreed with Stevens and Poindexter, the language of the release in the present case would release from liability any person in the restricted area of the track, whether authorized to be there or not. Any person who somehow gained unauthorized access to the restricted area would then be released from liability under this provision. "An exculpatory agreement will be held to contravene public policy if it is so broad 'that it would absolve [the defendant] from any injury to the [plaintiff] for any reason.'" *Id.* at 121 (quoting *College Mobile Home Park & Sales, Inc. v. Hoffmann,* 72 Wis.2d 514, 241 N.W.2d 174, 178 (1976)). In *Richards,* like the present case,

> the release does not refer to an injury the plaintiff may sustain while riding as a passenger in the specified ... vehicle ... [and] purports to release the [defendant] from liability for any and all injury to the plaintiff while the plaintiff is a passenger in **any** vehicle (not necessarily one owned by the [defendant]) at **any** time....

*Richards,* 513 N.W.2d at 122 (emphasis added).

Accordingly, this provision is too broad to be enforceable against Fisher and is void as against public policy.

Moreover, strictly construing this broad provision and resolving any doubt in favor of Fisher, it was not the intent of the parties to give the contract the effect claimed by Stevens and Poindexter, given the release could have plainly stated that Fisher agreed to relieve the wrecker's owner and driver from all liability. *See Murray,* 172 S.C. at 402–03, 174 S.E. at

232. The contract did not clearly inform Fisher he would be waiving all claims due to Stevens's and Poindexter's negligence. *See Yauger v. Skiing Enters., Inc.*, 206 Wis.2d 76, 557 N.W.2d 60 (1996) (finding an exculpatory contract void as against public policy because it did not clearly inform the plaintiff he was waiving all claims due to defendant's negligence).

The cases cited by Stevens and Poindexter are distinguishable from the present case. In each case, the plaintiff sued the track owners, operators, promoters, or sanctioning body, all of whom are parties clearly intended to be covered under waiver and release forms similar to the one in this case.[4] Moreover, none of the cases cited exempted a defendant from liability based on the broad "catch-all" phrase relied on by Stevens and Poindexter.

The trial judge correctly determined the Release did not bar Fisher from recovering against Poindexter and Stevens. Accordingly, we affirm the trial court's partial grant of summary judgment.

## II. Denial of Speedway's Motion for Summary Judgment

Speedway argues the trial court erred in finding the release did not bar Fisher's claims as a matter of law. The trial court denied Speedway's motion for summary judgment, finding a genuine issue of material fact concerning whether a master/servant relationship existed between Fisher and Speedway.

■ We decline to address the merits of this issue. The denial of a motion for summary judgment is not directly appealable, even after final judgment. *Olson v. Faculty House of Carolina, Inc.*, No. 25632, 354 S.C. 161, 167, 580 S.E.2d 440, 443 (2003); *Ballenger v. Bowen*, 313 S.C. 476, 443 S.E.2d 379 (1994).

---

**4.** *See, e.g., Dunn v. Paducah Int'l Raceway*, 599 F.Supp. 612 (W.D.Ky. 1984); *Rhea v. Horn–Keen Corp.*, 582 F.Supp. 687 (W.D.Va.1984); *LaFrenz v. Lake County Fair Bd.*, 172 Ind.App. 389, 360 N.E.2d 605 (1977); *Holzer v. Dakota Speedway, Inc.*, 610 N.W.2d 787 (S.D.2000); *Huber v. Hovey*, 501 N.W.2d 53 (Iowa 1993); *Plant v. Wilbur*, 345 Ark. 487, 47 S.W.3d 889 (2001); *Seymour v. New Bremen Speedway, Inc.*, 31 Ohio App.2d 141, 287 N.E.2d 111 (1971); *Dean v. MacDonald*, 147 N.H. 263, 786 A.2d 834 (2001).

## CONCLUSION

Based on the foregoing analysis, the trial court's partial grant of summary judgment to Fisher is

**AFFIRMED.**

HEARN, C.J., and STILWELL, J., concur.