PREHEARING REPORT

THE STATE OF SOUTH CAROLINA
In the Court of Appeals

 
 
 
Clyde D. Cummings, Jr. and Doris C. Cummings,       
Appellants,
 
 
 

v.

 
 
 
Newby, Pridgen, & Sartip, Attorneys at Law and Bill 
 M. Pridgen,        Repondents.
 
 
 

Appeal from Horry County
Court of Common Pleas
John L. Breeden, Jr., Circuit Court 
 Judge 

Unpublished Opinion No. 2004-UP-058
Submitted January 12, 2004  Filed January 29, 2004

AFFIRMED

 
 
 
Steven E. Solomon, of Myrtle Beach, for Appellants.
Bryan P. Stirling, of Columbia, for Respondents.
 
 
 

PER CURIAM:  Clyde D. Cummings, Jr., and Doris C. 
 Cummings appeal a circuit court order granting summary judgment in favor of 
 Newby, Pridgen, & Sartip, Attorneys at Law and Bill M. Pridgen in this attorney 
 malpractice action.  We affirm.
FACTS
On November 24, 1995, the Cummings purchased 
 condominium unit #1516 at Beach Cove in Myrtle Beach, South Carolina.  Bill 
 M. Pridgen, a member of the firm of Newby, Pridgen & Sartip, represented 
 the Cummings at the closing.  Prior to the closing, a title search revealed 
 no lis pendens of record affecting the condominium unit #1516. 
However, in 1993 two lawsuits were filed 
 against the Beach Cove Condominium Complex.  The first suit 
 [1] sought recovery for damages caused as a result of defective construction 
 at the condominium complex.  The second, 
 [2] a class action consisting of individual homeowners, sought recovery 
 for losses of rental income and damages to the interior of the individual condominiums.  
 Although both cases settled, the settlement amount did not cover the cost of 
 repairs or the loss of rental income suffered by the homeowners.  As a result, 
 each owner of a condominium unit at Beach Cove was assessed varying amounts 
 to fund repairs necessitated by the settlement.  
The Cummings filed suit on October 9, 1998 to recover 
 the amount of the assessments as well as punitive damages, alleging Pridgen 
 and his firm were at fault in not disclosing prior to closing the existence 
 of the two lawsuits concerning the Beach Cove Condominium Complex.  Pridgen 
 and the firm answered, denying liability.  It is undisputed the Cummings received 
 marketable title to their condominium unit.  
Pridgen and the firm filed a motion for summary 
 judgment on December 13, 2001, more than three years after the action was filed.  
   It was argued that a plaintiff in a malpractice case must establish 
 the standard of care through expert testimony.  Because the Cummings did not 
 produce an expert for this purpose, movants contended they were entitled to 
 summary judgment.
The Cummings relied on a title abstractor as 
 their expert.  The title abstractor did not offer an opinion on an attorneys 
 duties in terms of disclosure to a client in a real estate transaction, but 
 merely opined that had she conducted the title search, she would have informed 
 the closing attorney of the existence of the then two pending lawsuits.  The 
 Cummings alternatively argued that disclosure of the lawsuits was within the 
 common knowledge of laypersons, thus providing an exception to the general rule 
 requiring expert testimony. 
The circuit court granted summary judgment, 
 agreeing with Pridgen and the firm that in this legal malpractice action, the 
 standard of care must be proven through expert testimony. The Cummings appeal. 
   
ISSUE
Did the circuit court err in granting summary judgment, as 
 expert testimony was not offered to establish the standard of care owed by an 
 attorney in a real estate transaction?
STANDARD OF REVIEW
In reviewing the grant of a summary judgment motion, 
 this Court applies the same standard which governs the trial court under Rule 
 56(c), SCRCP.  Fisher v. Stevens, 355 S.C. 290, 294, 584 S.E.2d 149, 
 151 (Ct. App. 2003) (citing Baughman v. American Tel. & Tel. Co., 
 306 S.C. 101, 410 S.E.2d 537 (1991)). Accordingly, summary judgment is appropriate 
 when there is no genuine issue as to any material fact and . . . the moving 
 party is entitled to a judgment as a matter of law.  Rule 56(c), SCRCP.  In 
 determining whether any triable issue of fact exists, as will preclude summary 
 judgment, the evidence and all inferences which can be reasonably drawn therefrom 
 must be viewed in the light most favorable to the nonmoving party.  McNair 
 v. Rainsford, 330 S.C. 332, 341, 499 S.E.2d 488, 493 (Ct. App. 1998).
LAW/ANALYSIS
The Cummings argue the circuit court erred 
 in granting summary judgment.  We disagree.
There are four elements to a cause of action for 
 legal malpractice: 1) the existence of an attorney-client relationship; 2) breach 
 of a duty by the attorney; 3) damage to the client; and 4) proximate causation 
 of the clients damages by the breach.  Smith v. Haynsworth, Marion, McKay 
 & Geurard, 322 S.C. 433, 435 n.2, 472 S.E.2d 612, 613 n.2 (1996).
Generally, in a legal malpractice case, 
 the standard of care an attorney owes in a particular transaction must be proven 
 by expert testimony, unless the subject matter of the transaction is within 
 the common knowledge of laypersons.  Mali v. Odom, 295 S.C. 78, 80, 367 
 S.E.2d 166, 168 (Ct. App. 1988) (citations omitted); McNair v. Rainsford, 
 330 S.C. 332, 343, 499 S.E.2d 488, 494 (Ct. App. 1998); see also 7 Am. 
 Jur. 2d Attorneys at Law § 237 (1997).  Significantly, the rules of evidence 
 governing legal malpractice actions are the same as those used for other professionals, 
 i.e., doctors, architects, accountants, and dentists.  Mali, 295 S.C. 
 at 80, 376 S.E.2d at 168 (citing House v. Maddox, 360 N.E.2d 580 (Ill. 
 App. Ct. 1977)).
In Gilliland v. Elmwood Props., 
 301 S.C. 295, 391 S.E.2d 577 (1990), the plaintiff, an architect, sued the defendant 
 for breach of contract.  The defendant counterclaimed, asserting the architect 
 was professionally negligent by failing to design the project according to the 
 contracts specifications.  Our supreme court stated the following:

The well known rule still exists that generally, in a malpractice 
 case, there can be no finding of negligence in the absence of expert testimony 
 to support it.  The claimant in a malpractice claim must, through expert testimony, 
 establish both the standard of care and the deviation by the defendant from 
 such standard.  Here, [the defendant] presented no evidence from an expert that 
 [the plaintiff] had committed malpractice.  Thus, the summary judgment was, 
 in this respect, proper.

Id. at 300-301, 391 S.E.2d 580 (citations 
 omitted).
The same situation is presented in this 
 case.  The Cummings have presented no expert evidence either establishing the 
 standard of care owed by Pridgen and his firm or showing a deviation from that 
 standard.  Instead, the Cummings offer the testimony of a title abstractor who 
 would testify that if the closing attorney had inquired, she would have informed 
 him of the lawsuits pending against the condominium complex.  The Cummings then 
 leap to the conclusion that Pridgen should have passed the information on to 
 them.  As noted, the Cummings fall-back position is that disclosure of this 
 information fits within the common knowledge exception, thereby obviating the 
 need for expert testimony.  We reject the Cummings arguments.  
The threshhold determination in a case alleging 
 attorney malpractice is the standard that the attorney failed to meet.  In this  
 case, the question is whether Pridgen failed to act according to the standard 
 of care governing attorneys engaged in real estate transactions.  A title abstractor 
 simply cannot present testimony to this end.  In Ex Parte Charles Watson, 
 Jr., Op. No. 25757 (S.C. Sup. Ct. filed Dec. 1, 2003) (Shearouse Adv. Sh. 
 No. 43 at 30), in no ambiguous terms, our supreme court held that when nonlawyer 
 title abstractors examine public records and then render an opinion as to the 
 content of those records, they are engaged in the unauthorized practice of law.  
 Id. at 2.  Therefore, it logically follows that a title abstractor, whose 
 research and resulting opinion constitutes the unauthorized practice of law, 
 may not properly testify to the standard of care owed by an attorney in a real 
 estate transaction.           
Moreover, we find the issue as to the attorneys 
 standard of care in this matter well beyond the common knowledge of laypersons.    
 Absent proper expert testimony, we decline to impose on attorneys in real estate 
 transactions the standard of care advocated by the Cummings.  This case illustrates 
 well the rationale warranting the application of the general rule requiring 
 expert testimony.          
CONCLUSION
Accordingly, we concur with the 
 circuit court and hold that the allegation of attorney malpractice in this real 
 estate transaction required expert testimony as to the standard of care and 
 deviation from such standard. 
AFFIRMED.
HEARN, C.J., HOWARD, and KITTREDGE, JJ., concur.  

 
 
 [1]         Beach Cove Resort Homeowners Assn, Inc. v. Beach Cove 
 Assocs., et al., Case No. 93-CP-26-2624

 
 
 [2]         Galen and Valeria Christner, et al. v. Beach Cove Assocs., 
 et al., Case No. 93-CP-26-3627