THIS OPINION HAS NO PRECEDENTIAL 
 VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT 
 AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Joyce Smith and Brenda L. Warren Brown, as Personal Representatives of 
 the Estate of Christopher Bernard Smith,       
Appellants,
 
 
 

v.

 
 
 
The South Carolina Department of Transportation, an Agency of the State 
 of South Carolina, and William P. Cannington,       
Defendants,
of whom William P. Cannington is       
Respondent.
 
 
 

Appeal From Aiken County
Robert A. Smoak, Jr., Special Circuit 
 Court Judge

Unpublished Opinion No. 2004-UP-190
Submitted March 8, 2004- Filed March 
 22, 2004   

AFFIRMED

 
 
 
James H. Moss, of Beaufort, for Appellants.
Robin A. Braithwaite, of Aiken, for Respondent.
 
 
 

PER CURIAM: Joyce Smith and Brenda L. Warren 
 Brown, as personal representatives of the Estate of Christopher Bernard Smith 
 (the Estate), commenced this wrongful death action against the South Carolina 
 Department of Transportation (SCDOT) and William P. Cannington.  In this appeal, 
 the Estate argues the trial court erred in granting summary judgment to Cannington 
 and in finding insufficient evidence existed for the submission of a conscious 
 pain and suffering claim against Cannington.  We affirm. [1]
FACTS
This case arose out of an automobile 
 accident, which occurred on November 10, 1997.  Christopher Bernard Smith (the 
 Decedent) drove a tractor-trailer from Jasper County, South Carolina to Augusta, 
 Georgia where he picked up a load of fertilizer.  As he was returning to Ridgeland, 
 South Carolina along Highway 278 in Aiken County, he encountered a detour, which 
 routed him off Highway 278 and onto a series of secondary roads.    
SCDOT created the detour due to construction on 
 the closed portion of Highway 278.  The detour eventually led travelers to DeSoto 
 Road, which intersects back into Highway 278 at a T-type intersection.  Travelers 
 on DeSoto Road encountered a steep downgrade for a short distance prior to the 
 intersection with Highway 278.  For unknown reasons, the Decedent failed to 
 stop when he reached the intersection, and as he turned the tractor-trailer 
 to the right and onto the highway, it overturned resulting in his death.  
Following the accident, the Estate commenced wrongful 
 death and conscious pain and suffering actions against SCDOT and William P. 
 Cannington.  The Estate alleged SCDOT was negligent in several particulars related 
 to the detour.  For example, the Estate averred SCDOT was negligent in its failure 
 to erect proper signs warning travelers of the T-type intersection at DeSoto 
 Road and Highway 278.   
As to Cannington, the owner of the tractor-trailer 
 the Decedent was operating at the time of the accident, the Estate alleged inter 
 alia that he was negligent in failing to provide a vehicle in suitable 
 mechanical condition, and that this failure caused or contributed to the Decedents 
 death.  
On April 26, 2001, SCDOT moved for summary judgment 
 on the Estates cause of action for conscious pain and suffering.  On May 22, 
 2002, the trial court issued an order granting SCDOTs motion, stating that 
 no issue of material fact existed which would establish that the Decedent was 
 conscious prior to his death.  Following the grant of summary judgment, the 
 Estate and SCDOT reached a settlement, and thus, SCDOT is no longer a party 
 to this action.  
Cannington moved for complete summary 
 judgment on April 4, 2002, arguing no evidence rising beyond mere speculation 
 was presented that the vehicle was in an unsafe condition.  On June 18, 2002, 
 the trial court granted Canningtons motion.  The Estate filed motions to alter 
 or amend; those motions were denied by order dated August 16, 2002.  
LAW/ANALYSIS
The Estate argues the trial court erred 
 in granting summary judgment to Cannington.  We disagree.
In reviewing the grant of a summary judgment motion, 
 this Court applies the same standard which governs the trial court under Rule 
 56(c), SCRCP.  Fisher v. Stevens, 355 S.C. 290, 294, 584 S.E.2d 149, 
 151 (Ct. App. 2003) (citing Baughman v. Am. Tel. & Tel. Co., 306 
 S.C. 101, 410 S.E.2d 537 (1991)). Accordingly, summary judgment is appropriate 
 when there is no genuine issue as to any material fact and . . . the moving 
 party is entitled to a judgment as a matter of law.  Id. (quoting Rule 
 56(c), SCRCP).  In determining whether any triable issue of fact exists, as 
 will preclude summary judgment, the evidence and all inferences which can be 
 reasonably drawn therefrom must be viewed in the light most favorable to the 
 nonmoving party.  McNair v. Rainsford, 330 S.C. 332, 341, 499 S.E.2d 
 488, 493 (Ct. App. 1998).
Thus, an issue must be submitted to a 
 jury when material evidence exists tending to establish the point in the minds 
 of reasonable jurors.  Hurd v. Williamsburg County, 353 S.C. 596, 609, 
 579 S.E.2d 136, 142-143 (Ct. App. 2003).  However, this does not mean an issue 
 must be presented to a jury if the presentation rests on speculative, theoretical 
 and hypothetical views.  Id.  This is part and parcel of the firmly 
 established rule that verdicts may not be permitted to rest upon surmise, conjecture 
 or speculation.  Small v. Pioneer Machinery, Inc., 329 S.C. 448, 461, 
 494 S.E.2d 835, 841 (Ct. App. 1997); see also Hanahan v. Simpson, 
 326 S.C. 140, 149, 485 S.E.2d 903, 908 (1997). 
 [2] 
The Estate points to eleven specific factors 
 the trial court failed to consider when granting Canningtons summary judgment 
 motion.  However, only three of the eleven are even arguably relevant in making 
 the determination of whether something was wrong with Canningtons vehicle.  
 The Estate mentions the presence of skid marks showing the Decedents attempt 
 to make the turn, the speed at which the Decedent was attempting to make the 
 turn, and the fact that the brakes on the right side of the trailer should 
 have loaded if, in fact, they were working.  The Estate also points out that 
 the trial court failed to mention that the vehicle had brake problems.  
Although it is true the trial court did 
 not specifically state that the vehicle had previous brake problems, the court 
 does acknowledge that the vehicle passed the required safety inspection within 
 one year of the accident.  The trial court also noted that preventive maintenance 
 had been performed on the vehicles braking system in the weeks prior to the 
 accident.  In addition, Lonnie Grant, the mechanic who performed the maintenance 
 on the vehicle, testified he drove the truck the week he worked on it and that 
 it [drove] good.  It is also important to note, as the trial court did, that 
 the only person who inspected the actual vehicle, Officer Richard Todd Sawyer 
 of the South Carolina State Transport Police, testified that his visual inspection 
 of the vehicle produced no evidence from which it might be inferred that the 
 brakes were not working properly.  
The Estate points to the deposition testimony 
 of two accident reconstruction experts, Joe Wade Kent and Ronald Kirk, to support 
 its contention that something was wrong with the vehicles brakes.  However, 
 neither of these experts states with any reasonable degree of certainty that 
 the brakes were inoperable or contributed to causing the accident.  In fact, 
 Kent testified that one of the possibilities and fairly likely probabilit[ies] 
 is that during the time the driver was trying to make this right turn he was 
 not on the brakes, that he was just trying to make the turn.  His point was 
 not that the brakes were never applied, but that no physical evidence of braking 
 existed.  When specifically asked whether he could say with a reasonable degree 
 of engineering certainty that the brakes had anything to do with the accident, 
 Kent replied as follows: I dont think I could really state it anymore explicitly 
 than I already have.  There are [three] possible causes, and it could be any 
 one or any combination to [sic] any percentage of those [three].  
Similarly, Kirk testified that he could 
 not state to a reasonable degree of engineering certainty that there was anything 
 wrong with the truck brakes.  When asked whether he had formed any opinions 
 within a reasonable degree of certainty as to the cause of the accident, Kirk 
 stated: What led to [the accident], I dont know.  Whether it was a braking 
 deficiency, whether its inattention, some combination, whether he didnt see 
 the stop sign soon enough, I just dont know.  Or whether some third vehicle 
 may have been somehow responsible.  I just dont know all that.  
Thus, because no evidence existed which 
 rose beyond conjecture or speculation that the brakes on the vehicle were defective, 
 we find the trial court did not err in granting Cannington summary judgment. [3]        
Accordingly, the trial courts grant of summary judgment in favor 
 of Cannington is
AFFIRMED.
HEARN, C.J., ANDERSON and BEATTY,
JJ., concur.

 
 [1] We decide this case without oral argument pursuant 
 to Rule 215, SCACR.

 
 
 
 [2] The Estate appears to argue that the adoption of comparative negligence 
 has somehow changed the standard for the grant or denial of a motion for summary 
 judgment.  As is apparent by the cases relied on in the preceding paragraph, 
 however, this argument is without merit.

 
 [3] Because we find the trial court did not err in 
 granting Canningtons motion for complete summary judgment, we need not address 
 the Estates argument regarding the Decedents conscious pain and suffering.