PREHEARING REPORT

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In the Court of Appeals

 
 
 
Orilee Loadholt, Jr.,       
Appellant,
 
 
 

v.

 
 
 
Lane Cribb, Sheriff of Georgetown County, 
 former Georgetown County Deputy Sheriff Cpl. Charles McLendon (Badge 561) 
 and three unknown officers of the Georgetown County Sheriffs Department,       
Repondents.
 
 
 

Appeal from Georgetown County
Court of Common Pleas
Benjamin H. Culbertson, Circuit Court 
 Judge

Unpublished Opinion No. 2004-UP-238
Submitted January 12, 2004  Filed April 
 12, 2004

AFFIRMED

 
 
 
William Isaac Diggs, of Myrtle Beach, for Appellant.
Elizabeth Stuckey Murphy, of Charleston, for Respondents.
 
 
 

 PER CURIAM:  Orilee Loadholt, Jr., 
 appeals the grant of summary judgment in favor of Lane Cribb, Sheriff of Georgetown 
 County, former Georgetown County Deputy Sheriff Cpl. Charles McLendon, and three 
 unknown officers of the Georgetown County Sheriffs Department (collectively, 
 Respondents) in this action for negligence and malicious prosecution.  We 
 affirm.
FACTS
On May 16, 1998, Deputy McLendon 
 initiated a traffic stop of Loadholt, an African-American correctional officer 
 at the J. Rueben Long Detention Center, while Loadholt was driving to work.  
 Loadholt was dressed in his uniform at the time.   Following a request by 
 Deputy McLendon for assistance, at least three other unknown deputies arrived 
 on the scene.  All of the deputies on the scene were Caucasian.  The deputies 
 searched Loadholt and his car and, after finding nothing incriminating, Loadholt 
 was issued a ticket for careless operation of a vehicle.  The ticket was dismissed 
 by a magistrate, without a hearing, on July 23, 1998.    
On October 12, 2001, Loadholt filed an 
 action against Sheriff Cribb, McLendon, and the three unknown deputies, alleging 
 malicious prosecution and negligence.  According to his complaint, although 
 Loadholt was cooperative and respectful to McLendon and the other officers during 
 the stop and search, he was referred to with the use of racial slurs, insulted 
 by being told he was a disgrace to his uniform, and verbally assaulted by 
 all the deputies.  Loadholt alleged the criminal proceedings were instituted 
 with malice and without probable cause, and only because of his race.  Accordingly, 
 Loadholt alleged Respondents were engaged in malicious prosecution of him.  
 Loadholt also alleged that Sheriff Cribb was negligent in failing to properly 
 train his officers to respect their positions, to not discriminate on the basis 
 of race, and to arrest only on the existence of probable cause. 
Respondents moved for summary judgment, 
 arguing Loadholts claims were governed by the South Carolina Tort Claims Act 
 (Tort Claims Act) [1] and were not timely filed pursuant 
 to the act.  After Loadholts counsel asserted Loadholt had a claim under 42 
 U.S.C. § 1983, Respondents pointed out that no allegations in Loadholts complaint 
 raised a section 1983 claim.   Loadholt argued the allegations raised in his 
 complaint supported a cause of action against the sheriff under section 1983.  
 Loadholt conceded he could not pursue an action for negligence against Sheriff 
 Cribb. 
In an order dated August 19, 2002, the circuit 
 court granted Respondents request for summary judgment as to both causes of 
 action.  The court found the Tort Claims Act provided the exclusive remedy for 
 torts committed by governmental employees, and, thus, Loadholts cause of action 
 for malicious prosecution was subject to the Acts two-year statute of limitations.  
 Because the suit was not filed until three years after the dismissal of Loadholts 
 ticket, the circuit court found the suit was time barred.  
The court also found Loadholts complaint did not 
 allege facts that would support a cause of action under section 1983.  The court 
 noted the complaint did not mention section 1983, nor did it allege that any 
 of Loadholts federal rights were violated.   Loadholt appeals.
STANDARD OF REVIEW
An appellate court reviews the grant of a summary 
 judgment motion under the same standard applied by the trial court under Rule 
 56(c), SCRCP.  Fisher v. Stevens, 355 S.C. 290, 294, 584 S.E.2d 149, 
 151 (Ct. App. 2003) (citing Baughman v. American Tel. & Tel. Co., 
 306 S.C. 101, 410 S.E.2d 537 (1991)).  Rule 56(c) provides summary judgment 
 is appropriate when there is no genuine issue as to any material fact and . 
 . . the moving party is entitled to a judgment as a matter of law.  Rule 56(c), 
 SCRCP.  In determining whether triable issues of fact exist such as will preclude 
 summary judgment, the evidence and all inferences which can be reasonably drawn 
 therefrom must be viewed in the light most favorable to the nonmoving party.  
 McNair v. Rainsford, 330 S.C. 332, 341, 499 S.E.2d 488, 493 (Ct. App. 
 1998).
LAW/ANALYSIS
I. Tort Claims Act
A.
Loadholt argues the circuit court erred by applying 
 the limitations period contained in the Tort Claims Act to his cause of action 
 for malicious prosecution because the Respondents actions fell within an exception 
 to the Tort Claims Act.  Thus, he argues the three-year statute of limitations 
 provided by S.C. Code Ann. § 15-3-530 (Supp. 2003) applied and the circuit court 
 erred in granting summary judgment.  We disagree.
The Tort Claims Act provides the exclusive 
 civil remedy available for any tort committed by a governmental entity, its 
 employees, or its agents except as provided in Section 15-78-70(b).  S.C. Code 
 Ann. § 15-78-20(b) (Supp. 2003) (emphasis added).  Section 15-78-70(b) provides 
 an exception for certain actions on the part of the state employee: 

Nothing in this chapter may be construed to give an employee 
 of a governmental entity immunity from suit and liability if it is proved that 
 the employees conduct was not within the scope of his official duties or that 
 it constituted actual fraud, actual malice, intent to harm, or a crime involving 
 moral turpitude. 

S.C. Code Ann. § 15-78-70(b) (Supp. 2003).  There is a two-year 
 statute of limitations period for actions brought pursuant to the Tort Claims 
 Act.  S.C. Code Ann. § 15-78-110 (Supp. 2003) (providing that with the exception 
 of persons under a disability as provided for in Section 15-3-40, . . . any 
 action brought pursuant to this chapter is forever barred unless an action is 
 commenced within two years after the date the loss was or should have been discovered).  

At the summary judgment hearing, Respondents argued 
 Loadholts claims fell within the purview of the Tort Claims Act and, as such, 
 the action was governed by the two-year limitations period contained therein.  
 Considering the ticket was issued on May 16, 1998, dismissed on July 23, 1998, 
 and Loadholts suit was not initiated until October 12, 2001, more than three 
 years later, the claims did not fall within the time period allotted by the 
 Tort Claims Act.  Accordingly, Respondents asserted the claims were time barred. 
  Loadholt did not contest that more than three years elapsed from the 
 time the ticket was dismissed until the action was filed.  However, Loadholt 
 asserted he did not know the ticket had been dismissed until October 16, 1998.  
 He argued a question of fact was raised as to this issue, and a jury should 
 have determined whether the action was filed before the appropriate limitations 
 period expired. 
The evidence presented at the summary judgment hearing included 
 affidavits by McLendon and Cribb wherein they denied any wrongdoing in the performance 
 of their duties.  In his affidavit, McLendon stated that on the date of the 
 incident, he saw Loadholt tearing down the road going real fast.  According 
 to McLendon, Loadholt did not stop for his blue light, so McLendon summoned 
 other officers to the scene for assistance.   McLendon estimated Loadholts 
 speed at the time to have been between sixty and sixty-five miles per hour in 
 a thirty-five per hour zone.  McLendon averred that no racial slurs were used 
 by any of the officers.  
Loadholts deposition was also submitted at the hearing.  
 Although Loadholt stated in his deposition that the officers were rude to him 
 during the stop and search, Loadholt never testified to any malicious behavior 
 and did not mention anything regarding racial slurs. 
Viewing this evidence in the light most favorable to Loadholt, 
 there was no evidence that the officers actions fell within the exception to 
 the Tort Claims Act.  Because the Tort Claims Act provides the exclusive remedy 
 for torts committed by governmental employees, unless an exception applies, 
 the statute of limitations contained within the act will apply.  See 
 Joubert v. South Carolina Dept of Soc. Servs., 341 S.C. 176, 185, 534 
 S.E.2d 1, 5 (Ct. App. 2000) (holding that because nothing in Section 15-78-70(b) 
 references a limitations period, as part of the Tort Claims Act, it is still 
 subject to the Tort Claims Acts two-year statute of limitations).  Accordingly, 
 the circuit court did not err in finding Loadholts action fell within the purview 
 of the Tort Claims Act and the applicable two-year statute of limitations applied.    

B.
Turning to the claim of malicious prosecution, one element 
 necessary to maintain an action for malicious prosecution is that the judicial 
 proceedings be terminated in the plaintiffs favor.  Jordan v. Deese, 
 317 S.C. 260, 261-62, 452 S.E.2d 838, 839 (1995); 52 Am. Jur. 2d Malicious 
 Prosecution §28 (2000).  Thus, the cause of action does not accrue, and 
 the statute of limitations does not begin to run, until after the proceedings 
 are terminated in the plaintiffs favor.  Loadholts ticket was dismissed July 
 23, 1998, and thus the cause of action for malicious prosecution accrued on 
 that date.  Loadholt alleged: he discovered the dismissal in October 1998; the 
 cause of action did not accrue until that time; and his October 12, 2001, complaint 
 was timely filed pursuant to the general three-year statute of limitations.  
 Regardless of which date you refer to, Loadholt clearly filed his action three 
 years after the accrual and outside the Tort Claims Acts two-year statute of 
 limitations.  
Because Loadholts cause of action fell within the Tort Claims 
 Act and was brought more than three years after it accrued, we find the circuit 
 court did not err in determining Loadholts claim was time barred.  Accordingly, 
 summary judgment on his claim of malicious prosecution was proper.  
 II.              
42 U.S.C. § 1983 
 
Loadholt also contends the circuit court erred in finding 
 that the complaint did not assert a cause of action under section 1983.  He 
 asserts that while he inartfully couched his second cause of action in terms 
 of negligence, he actually alleged Sheriff Cribb violated his civil rights, 
 thus supporting an action pursuant to section 1983.  We disagree.
Section 42 U.S.C. 1983 provides liability for persons 
 who, acting under color of state law, deprive United States citizens of the 
 rights, privileges or immunities secured by the Constitution or laws of the 
 United States.  See Banks v. Med. Univ. of South Carolina, 314 
 S.C. 376, 382, 444 S.E.2d 519, 522 (1994).  The limitations period for actions 
 brought pursuant to section 1983 is adopted from a state courts statute governing 
 an analogous cause of action.  See Wilson v. Garcia, 471 U.S. 
 261, 271 (1985) (holding that courts must adopt a personal injury statute 
 of limitations period in state court in section 1983 actions).  In South Carolina, 
 the general three-year limitations period for personal injury actions found 
 in S.C. Code Ann. § 15-3-530(5) (Supp. 2003) would apply.
Loadholts cause of action for negligence against 
 Sheriff Cribb alleged that the sheriff was negligent in failing to train his 
 officers: (1) not to abuse their authority, (2) to refrain from discriminating 
 on the basis of race; (3) to make arrests only upon the issuance of probable 
 cause; and (4) to not use race as an element of probable cause.   Loadholt further 
 alleged in his complaint that as a result of the sheriffs failure to properly 
 train his deputies, he suffered emotional distress and deserved damages.  
The trial court found not only that Loadholt did 
 not mention 42 U.S.C. § 1983 in his complaint, but that he also failed to allege 
 facts sufficient to support a cause of action thereunder.  We agree.  Loadholt 
 has not alleged that any federal right has been violated by the Respondents.  
 Accordingly, he has failed to properly plead a cause of action under 42 U.S.C. 
 § 1983.  
CONCLUSION
Therefore, based on the above reasoning, the circuit 
 courts grant of summary judgment is 
AFFIRMED.
GOOLSBY and ANDERSON, JJ.,  and CURETON, AJ., concur.

 
 [1] S.C. Code Ann. §§ 15-78-10 et. seq. (Supp. 
 2003).