**Melvyn A. WOLOSHIN and Joel D. Tenenbaum, Attorneys Practicing Law under the partnership name of Woloshin & Tenenbaum, Plaintiffs,**

v.

**The DIAMOND STATE TELEPHONE COMPANY, a corporation of the State of Delaware, Defendant.**

Court of Chancery of Delaware, New Castle.

Submitted May 16, 1977.
Decided July 19, 1977.

---

Joel D. Tenenbaum of Woloshin & Tenenbaum, Wilmington, for plaintiffs.

Richard E. Poole of Potter, Anderson & Corroon, Wilmington, for defendant.

MARVEL, Chancellor:

Upon the beginning of the annual distribution of the Wilmington Telephone Directory in December 1975, it became apparent that the law firm of Woloshin & Tenenbaum, plaintiffs in this case, had been omitted from the so-called yellow pages of such phone book, which lists a number of members of professions and trades, including that of lawyers. There is no showing on the present record that the omission of plaintiffs' names was other than inadvertent, not being due to wilful or grossly negligent conduct on the part of defendant.

The Court having granted partial temporary relief to the plaintiffs, such injunctive order was ultimately dissolved on December 15, 1975, as having accomplished the maximum relief to which the Court felt plaintiffs were entitled, jurisdiction of the case being reserved for a determination of whether or not plaintiffs were entitled to damages as a result of their names being left out of the yellow pages listing of local lawyers.

The parties then embarked on discovery as to what damages, if any, had been suffered by plaintiffs as a result of the omission of their names from the telephone directory yellow pages listing of lawyers during the course of which the difficulties of approximating damages became apparent and the question came up as to whether or not Diamond State's liability to plaintiffs, if any, had not in fact been limited by paragraph 9 of the agreement made by plaintiffs with defendant for listing and by paragraph 14 of the general regulations contained in defendant's tariff as filed with the Public Service Commission. Such tariff provides in part as follows:

"The Telephone Company, except as provided herein, shall not be liable for damages arising out of errors in or omissions from its directories, nor will the Telephone Company be a party to controversies arising between customers or others as a result of listings in its directories. The Telephone Company's liability for damages arising out of errors in or omissions from its directories, including listings in the classified directory for which no specific charge applies and listings obtainable from an operator, including errors or omissions in the reporting thereof by an operator, shall in no event exceed an amount in liquidated damages equivalent to the proportionate charge for that part of the customer's service which is impaired, but not to exceed one-half the

local service charges for the service affected for the period from the date of issuance of the directory in which the mistake occurred to the date of issuance of a new directory containing the proper listing or, in the case of an error or omission in reporting by an operator, for the period that such mistake in reporting continues."

In addition, the specific agreement for directory listing signed by the plaintiff Melvyn A. Woloshin on September 25, 1975 purports to limit defendant's liability as follows:

"The telephone company's liability for damages resulting from errors in or omissions of the advertising for a listing provided herein shall be limited to any amount not exceeding the monthly charges for advertising or listing involved."

■ First of all, I am satisfied insofar as the general tariff provisions are concerned that we are here concerned with a listing of a public nature and not of a private business arrangement over which the Public Service Commission would have no control, the listing here involved being a part of defendant's furnishing of telephone service for which no specific charge is made and is thus subject to Commission regulation and designed to control the rates to be charged to the public at large by a public utility, *Felix v. PUC* (Pa.Super.) 187 Pa.Super. 578, 146 A.2d 347 (1958), *Behrend v. Bell Telephone Company* (Pa.Super.) 242 Pa.Super. 47, 363 A.2d 1152 (1976), and *Classified Directory Subscribers Ass'n. v. Public Service Commission*, (D. C. Circuit) 127 U.S.App. D.C. 315, 383 F.2d 510 (1967).

In an action brought by an attorney for damages allegedly resulting from his omission from the white pages, the court upheld the tariff limitations imposed by the telephone company stating:

"The theory is this that, since it renders a service affecting the public, the state shall regulate and control it in order to prevent injustice, and, further, in consideration of such regulation and control, its liability is and should be defined and

limited. In a sense it is a matter of contract, on the one hand by the utility, and on the other by the state representing all its citizens." *Correll v. Ohio Bell Telephone Co.*, 63 Ohio App. 491, 27 N.E.2d 173 (1939).

On the question as to whether or not a subscriber's rights to collect damages on the basis of a telephone company's inadvertent failure to list him in the yellow pages may be limited by contract, plaintiffs rely heavily on the case of *Allen v. Michigan Bell Telephone Company*, 18 Mich.App. 632, 171 N.W.2d 689, which was decided on the basis that an insurance agent, who had contracted to have his name listed in the yellow pages, did have a cause of action when he was omitted on the ground of inequality of bargaining power, the court reasoning that in weighing the respective bargaining powers of the parties and considering the public policy involved that plaintiff's claim should not be controlled by a limitation of liability clause. This case, however, is at odds with the great weight of authority to the effect that a contractual limitation of liability on the part of a public utility for mere inadvertence is not unconscionable or violative of public policy, *McTighe v. New England Telephone and Telegraph Company* (CA2) 216 F.2d 26 (1954).

■ In any event, the listing here involved was entered into on one side by two lawyers with experience in the drafting and interpretation of contracts, and I am satisfied that there is no good reason why they should have been outbargained when they contracted for yellow pages listing. I decline to follow the reasoning of the court in *Allen v. Michigan Bell Telephone Company*, supra, and accept that of the vast majority of cases having to do with general tariffs and specific contracts.

Defendant's motion to limit its liability to plaintiffs to that contained in defendant's second affirmative defense and as provided for in the agreement for directory advertising entered into by plaintiffs on September 25, 1975, namely that such liability be limited to an amount not exceeding the monthly charges for advertising and listing provided

for in such agreement of September 25, 1975, or to one-half of local service charges as provided for in the general tariff set forth in defendant's third affirmative defense will be granted.

An appropriate form of order may be presented on notice.