ED FINE OLDSMOBILE, INC., a
Delaware corporation, Plaintiff
Below, Appellant,

v.

The DIAMOND STATE TELEPHONE
COMPANY, a Delaware corporation,
and the Reuben H. Donnelley Corpora-
tion, a Delaware corporation, Defend-
ants Below, Appellees.

Supreme Court of Delaware.

Submitted: June 4, 1985.

Decided: June 6, 1985.

Richard H. Morse (argued), Sheldon A.
Weinstein, Sydney R. Chirlin, Young, Cona-
way, Stargatt & Taylor, Wilmington, for
appellant.

Richard E. Poole (argued), Daniel F.
Lindley, Potter, Anderson & Corroon, Wil-
mington, for appellees.

Before McNEILLY, HORSEY and
MOORE, JJ.

MOORE, Justice:

The plaintiff, Ed Fine Oldsmobile, Inc.
(Fine), appeals the Superior Court's denial
of Fine's motion for partial summary judg-
ment, and the grant of partial summary
judgment to the defendants, Diamond State
Telephone Company (Diamond State) and
its agent, the Reuben H. Donnelley Corpo-
ration (Donnelley). Fine sought compensa-
tory damages from the defendants for om-
itting Fine's advertising from the classified
section of Wilmington's 1981 telephone di-
rectory. The Superior Court held that even
though this mistake was the result of er-
rors in Diamond State's processing of a

change in Fine's telephone services, the defendants' liability was contractually limited by a Directory Advertising Agreement executed between the parties. Under such circumstances the defendants were awarded partial summary judgment limiting their liability to a maximum of $2,790. We agree and affirm.

### I.

In 1979, the plaintiff contracted with Diamond State for the installation of a "Horizon" telephone system intended to improve Fine's communication facilities. On April 19, 1980, Diamond State's business office issued two internal service orders to effect this conversion, which had nothing whatever to do with plaintiff's directory advertising. However, because of certain processing errors, including Diamond State's failure to follow its own standard operating procedures, all of Fine's existing advertising information was deleted from Diamond State's internal computer. Fine knew nothing of this at the time, and once the data was lost from the computer, apparently Diamond State did not either.

With the parties still unaware of this error, a representative of Donnelley, Diamond State's agent for the sale of advertising in its "yellow pages", visited Fine in August, 1980, to discuss its needs for the 1981 telephone directory. Fine's president stated that he wanted to continue the same advertisement that appeared in the 1980 directory. As a result, no effort was made to recall Fine's advertising information from the computer. Thus, plaintiff's nonexistent status as an advertiser, at least in terms of Diamond State's computer, continued undiscovered. The effect of all this was that in 1981, except for certain nationally arranged product advertising, only Fine's basic single-line service listing was renewed, since the latter was separate from arrangements for commercial advertising in the yellow pages.

After the 1981 directory was published, and all parties discovered the error, Fine sued Diamond State and Donnelley for loss of profits, business reputation and good will allegedly resulting from these mistakes. The defendants can only assert the technical affirmative defense that Fine's damages were contractually limited to $2,790.00 under the Telephone Directory Advertising Agreement, signed in August of 1980. It provided that:

9. The Telephone Company's liability for damages resulting from errors in or omissions of the advertising or listings provided herein shall be limited to an amount not exceeding the monthly charges for advertising or listings involved.[1]

All parties agree that Diamond State's errors originated with Fine's acquisition of the Horizon system. But this had nothing to do with the purchase of advertising. Thus, Fine moved for partial summary judgment seeking a determination that Diamond State's affirmative defense was inapplicable. The defendants then filed a cross motion for summary judgment to limit their liability under the terms of the Directory Advertising Agreement. The Superior Court denied Fine's motion for summary judgment and granted Diamond State's cross motion, reasoning that the contractual limitation of liability was valid and applicable.

### II.

This case exemplifies the frustrations of the computer age. A mindless machine, incompetently operated, became a tabula rasa in terms of Fine's existence as an advertiser in the "yellow pages"—and no one knew anything about it, or could do anything about it, until the error was irremediable. Yet, we cannot pose the issue in such cosmic terms. In reality our task is to interpret a contract and give its clear,

---

**1.** This is an actual damage obligation, not a refund of prior paid advertising or a cancellation of charges for the deleted advertising. Diamond State has actually tendered this sum to Fine.

unambiguous provisions their intended effect.

■ Thus, we begin by noting that the limitation on Diamond State's liability for the inadvertent omission of a customer's advertising is valid. Indeed, plaintiff does not really challenge its validity, only its applicability here. In *Woloshin v. Diamond State Telephone Co.*, Del.Ch., 380 A.2d 982 (1977), the Court of Chancery held that Diamond State's liability to a law firm, whose name had been omitted from the yellow pages, was validly limited by the same contractual provision that is at issue here. *Id.* at 985–86. Numerous other jurisdictions have also recognized a right to limit liability by contract for inadvertent errors in, or omissions of, directory advertising in the absence of wilful misconduct or gross negligence. *See e.g., McClure Eng. Assoc. v. R.H. Donnelley Corp.*, Ill. Supr., 95 Ill.2d 68, 69 Ill.Dec. 183, 447 N.E.2nd 400 (1983); *Baird v. Chesapeake and Potomac Telephone Co.*, Md.Ct.App., 208 Md. 245, 117 A.2d 873 (1959); *Hamilton Employment Service v. New York Telephone Co.*, N.Y.Ct.App., 253 N.Y. 468, 171 N.E. 710 (1930); *Pride v. Southern Bell Telephone and Telegraph Co.*, S.C. Supr., 244 S.C. 615, 138 S.E.2d 155 (1964).

■ The public policy behind this is, as the trial court noted, in part based on the notion that such limitations will allow the telephone company to charge reasonable rates. Furthermore, it is said that this approach recognizes the telephone company's unique inability to cure a directory error, and thus mitigate its damages. *State ex rel. Mountain States Telephone and Telegraph Co. v. District Court*, Mont.Supr., 160 Mont. 443, 503 P.2d 526 (1972). Whatever the legal and practical realities of the situation may be today, any different course would involve us in rewriting the plain language of an otherwise valid contractual provision. That is not the function of a court. *Joseph B.P. v. Kathleen M.P.*, Del.Supr., 469 A.2d 800, 802

(1983); *Gertrude L.Q. v. Stephen P.Q.*, Del.Supr., 466 A.2d 1213, 1217 (1983); *Conner v. Phoenix Steel Corp.*, Del.Supr., 249 A.2d 866 (1969). Thus, we must conclude that the rationale behind the *Woloshin* decision was correctly adopted by the Superior Court.

Fine contends that even if *Woloshin* is valid, it is distinguishable because it dealt with the omission of a basic service listing rather than separately purchased advertising like Fine's. However, the terms of the agreement are clear that the contractual limitation on Diamond State's liability was specifically intended to apply to any listing or advertising subject to the contract.

■ Fine also contends that the damage limitation provision is inapplicable to plaintiff's tort and contract claims, since they arose from Diamond State's errors in processing the separate Horizon contract. However, as the Superior Court correctly noted, Diamond State's advertising obligation was governed exclusively by the Directory Advertising Agreement. Thus, we conclude that, even though errors were committed in the changeover to the Horizon system, there was no breach of the Horizon contract. It dealt exclusively with upgrading Fine's telephone system, and had nothing to do with advertising. Diamond State's omissions were in failing to perform under the Directory Advertising Agreement, and it is that document which limits the defendants' liability to the plaintiff. Accordingly, the Superior Court's denial of Fine's motion for partial summary judgment, and the grant of the defendants' motion for partial summary judgment, is

AFFIRMED.