**Joel BROWN and Iris Brown,**
**Plaintiffs Below,**
**Appellants,**

v.

**UNITED WATER DELAWARE, INC.,**
**Defendant Below, Appellee.**

**No. 291, 2009.**

Supreme Court of Delaware.

Submitted: July 7, 2010.
Decided: Aug. 26, 2010.
Modified: Aug. 27, 2010.

L. Vincent Ramunno, Esquire, of Ramunno & Ramunno, P.A., Wilmington, Delaware; for Appellants.

1. The facts are taken from this Court's opinion in *Brown v. United Water Delaware, Inc.*, 3

Sean J. Bellew and David A. Felice, Esquires, of Ballard Spahr Andrews & Ingersoll, LLP, Wilmington, Delaware; for Appellee.

Before STEELE, Chief Justice, HOLLAND, BERGER, JACOBS and RIDGELY, Justices, constituting the Court en Banc.

JACOBS, Justice:

## FACTS [1]

In the early morning hours of December 20, 2005, Joel and Iris Brown discovered a fire in the living room of their Wilmington home. The Browns' neighbor called 911 and firefighters responded within seven minutes. A paramedic accompanying the firefighters attempted to connect the water hose to the hydrant nearest to the Browns' home, but was unable to open the valve, because he was turning the valve in the wrong direction and broke the stem. The fire chief then sent his crew to the next nearest hydrant. They were unable to open the second hydrant, and concluded that it was frozen. The firefighters eventually obtained water from a third hydrant, which was located much further from the Browns' home. By that time, unfortunately, it was too late to save any portion of the house.

Later investigations revealed that United Water Delaware, Inc. ("United Water") had painted over the top of the first hydrant, thereby covering the arrow that showed the direction in which to open the valve. The Fire Marshall's Office further concluded that the second hydrant had failed due to lack of maintenance. United Water's November 2004 inspection records described the second hydrant as "very

A.3d 253 (Del.2010).

hard to open," and its April 2005 records described it as "hard to open." The record further indicates that United Water took no action to correct the problem.

United Water's "Tariff for Water Service" provides:

> 49. The Company shall not be considered an insurer of property or persons or to have undertaken to extinguish fire or to protect persons or property against loss by fire or otherwise. The Company does not guarantee any special service, pressure, capacity or facility other than what is provided by its ordinary and changing operating conditions as they exist from day to day. It is agreed by the parties receiving service that the Company shall be free and exempt from any and all claims for injury to persons or property by reason of fire, water, failure to supply water pressure or capacity.

## PROCEDURAL HISTORY

In 2007 the Browns filed a three count complaint in the Superior Court alleging negligence, negligent infliction of emotional distress, and intentional infliction of emotional distress. The trial court summarily dismissed the claim for negligent infliction of emotional distress. In 2009, shortly before the scheduled trial date, United Water moved for summary judgment on the remaining two claims. The

Superior Court granted the motion, holding that the Browns' claims were barred by the "filed rate" doctrine. That doctrine forbids a regulated entity from charging rates other than those filed with the regulatory agency and, accordingly, prevents varying or enlarging "[t]he rights as defined by the tariff . . . by either contract or tort of the carrier." [2]

The Browns then appealed to this Court.

We concluded, after oral argument, that the Browns' claims for negligence were defeated by the above-quoted paragraph 49 of United Water's filed rate,[3] relying on *Woloshin v. Diamond State Tel. Co.*,[4] where the Court of Chancery implicitly recognized the filed rate doctrine.[5] We remanded the case to the Superior Court, however, to consider the Browns' claim that their complaint alleged gross negligence and willful and wanton misconduct. As to that claim, the law is unclear whether the filed rate doctrine provides immunity.[6]

The Superior Court returned its Memorandum Opinion on Remand on May 20, 2010, concluding that a reasonable trier of fact could find that United Water was grossly negligent in maintaining the fire hydrants. The Superior Court held that "[a] reasonable trier of fact could conclude, on the basis that the directional arrows on other nearby hydrants were obscured by

**2.** *Keogh v. Chicago & N.W. Ry. Co.*, 260 U.S. 156, 163, 43 S.Ct. 47, 67 L.Ed. 183 (1922).

**3.** *Brown v. United Water, Delaware, Inc.*, 3 A.3d at 255–56.

**4.** *Woloshin v. Diamond State Tel. Co.*, 380 A.2d 982, 984 (Del.Ch.1977).

**5.** *Id.* ("The theory is . . . that, since [the utility] renders a service affecting the public, the state shall regulate and control it in order to prevent injustice, and . . . in consideration of such regulation and control, its liability is and

should be defined and limited.") (quotation and citation omitted).

**6.** *Brown v. United Water Delaware, Inc.*, 3 A.3d at 256 ("Although Paragraph 49 of United Water's filed rate purports to exempt the utility from all claims, it is not clear that the filed rate doctrine provides absolute immunity. Courts overwhelmingly reject attempts to limit liability either by contract or by tariff for gross negligence, willful misconduct, and fraud. We will not address that issue, however, because it was not fairly presented to the Superior Court.") (citations omitted).

paint, that the arrows on the hydrants in question were also obscured by paint when the firefighters arrived and that the paint was scraped off during efforts to open those hydrants." [7] Therefore, United Water could not argue that it was not negligent, let alone not grossly negligent. The Superior Court further determined, as a matter of law, that a reasonable trier of fact could not find that United Water had acted willfully or wantonly.

The Superior Court also found that by conceding that the filed rate doctrine does not bar claims for gross negligence, and by having decided not to brief the issue, United Water waived any argument that the Browns' gross negligence claim was barred by the filed rate doctrine.[8] Finally, the Superior Court held, in *dictum*, that under Delaware law, the filed rate doctrine may bar claims for gross negligence. The court reasoned that no "overwhelming" persuasive case law holds that filed tariffs cannot preclude claims for gross negligence,[9] and that no statute, constitutional provision or public policy prohibits a tariff from limiting liability for gross negligence.[10]

The parties filed supplemental memoranda addressing the Superior Court Memorandum Opinion on Remand. The Browns endorse the Superior Court's conclusion that a reasonable trier of fact could find that United Water was grossly negligent, but they disagree with the Court's conclusion that no jury could find willful misconduct as a matter of law. The Browns also endorse the Superior Court's holding that United Water waived any argument that the Browns' gross negligence

claim is barred by the filed rate doctrine. Accordingly, the entirety of the Browns' supplemental memorandum is dedicated to arguing that the Superior Court erred in concluding that no trier of fact could find that United Water's conduct was willful. Unsurprisingly, United Water's supplemental memorandum contests the Superior Court's first conclusion, urges that the Browns have no evidence that United Water engaged in willful misconduct, and contends that United Water did not waive its right to argue the preclusive effect of the filed rate doctrine on claims for gross negligence.

## ANALYSIS

We agree with, and affirm, the Superior Court's first two conclusions on remand. We need not address the court's third conclusion, regarding the scope of protection granted by the filed rate doctrine under Delaware law, which is *dictum* without precedential effect.

### I. Summary Judgment on Gross Negligence Claim Was Inappropriate

■ The first issue is whether or not United Water was entitled to summary judgment on the claims alleging gross negligence and willful or wanton conduct. This Court reviews *de novo* the Superior Court's grant or denial of summary judgment "to determine whether, viewing the facts in the light most favorable to the nonmoving party, the moving party has demonstrated that there are no material issues of fact in dispute and that the moving party is entitled to judgment as a matter of law." [11]

7. *Brown v. United Water Delaware, Inc.*, 2010 WL 2052373, at *3 (Del.Super.Ct. May 20, 2010).

8. *Id.* at *5.

9. *Id.* at *5–6.

10. *Id.* at *7.

11. *Estate of Rae v. Murphy*, 956 A.2d 1266, 1269–70 (Del.2008) (citation omitted).

Ordinarily, questions of gross negligence and willful or wanton conduct are for the jury and are not susceptible of summary adjudication.[12] Here, a jury could reasonably find that United Water was on notice that the hydrants near the Browns' house had been painted over and not properly maintained. United Water's failure to correct those known problems, which could foreseeably "cause damage or injury at any site reliant upon a United Water hydrant,"[13] would constitute "an extreme departure from the ordinary standard of care"—*i.e.*, gross negligence.[14] That failure, however, would not constitute willful or wanton behavior, which we have defined as conduct reflecting a "conscious indifference" or "I don't care" attitude.[15]

## II. United Water Waived Any Agreement That Gross Negligence Claim Was Barred

The second issue is whether or not United Water has waived any argument that the Browns' claim for gross negligence was barred by the filed rate doctrine. A waiver occurs where a party intentionally relinquishes an available contention or objection.[16] United Water argues that it did not waive the available argument that the filed rate doctrine was an affirmative defense to the Browns' claim of gross negligence, for two reasons. First, United Water raised the doctrine as an affirmative defense in its answer to the Browns' complaint; and second, the applicability of the doctrine to gross negligence claims under Delaware law was undetermined at the time of remand.

United Water's contentions, however, ignore the fact that, following remand, the parties submitted additional briefs to the Superior Court in which United Water did not brief that issue. That failure was deliberate and intentional, as evidenced by a letter from United Water's counsel to the Superior Court, stating that United Water "will not argue that claims of gross negligence or willful misconduct are barred by the filed rate doctrine [because t]he persuasive case law clearly holds that the filed rate doctrine would not bar claims of gross negligence or willful conduct." Instead, United Water's supplemental brief focused on whether there was evidence in the record from which a trier of fact could conclude that United Water acted willfully or with gross negligence. By choosing not to address an issue that was clearly identified in this Court's order of remand to the Superior Court (*i.e.*, whether or not the filed rate doctrine provides absolute immunity), United Water waived any defense that it may have had under the doctrine.

Accordingly, we need not address the Superior Court's third conclusion—that under Delaware law, the filed rate doctrine may bar claims for gross negligence. As the Superior Court itself noted, that holding is *obiter dictum* and "not the result of an adversarial argument."[17] Because it

---

12. *Pauley v. Reinoehl*, 848 A.2d 569, 576 (Del. 2004). *See also Ebersole v. Lowengrub*, 180 A.2d 467, 469 (Del.1962) ("Generally speaking, issues of negligence are not susceptible of summary adjudication.").

13. *Brown v. United Water Delaware, Inc.*, 2010 WL 2052373, at *4.

14. *Browne v. Robb*, 583 A.2d 949, 953 (Del. 1990) (citations omitted).

15. *Porter v. Turner*, 954 A.2d 308, 312 (Del. 2008).

16. *Minna v. Energy Coal S.p.A.*, 984 A.2d 1210, 1214 (Del.2009); *Beebe Medical Center, Inc. v. Bailey*, 913 A.2d 543, 550–51 (Del. 2006).

17. *Brown v. United Water Delaware, Inc.*, 2010 WL 2052373, at *5. As such, that conclusion is without precedential effect. *See Crown EMAK Partners, LLC v. Kurz*, 992 A.2d 377, 379 (Del.2010).

would have no effect on the outcome of this case, we leave that issue for another case and another day.

## CONCLUSION

Because the record now discloses that the plaintiffs established a *prima facie* case of gross negligence which the defendant concedes is not foreclosed by the filed rate doctrine, the Superior Court's original final judgment in favor of United Water is vacated. This matter is remanded for further proceedings in accordance with this Opinion. Jurisdiction is not retained.