**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

**IN AND FOR NEW CASTLE COUNTY**

MITCHELL RUOFF, individually )
and as parent and next friend )
of DANIELLE RUOFF, a minor, )
                         )
       Plaintiffs, )
                         )
           v. )      C.A. No. N14C-12-254 JRJ
                         )
SANDRA LYNN DILKS, and )
BURRIS LOGISTICS, )
                         )
       Defendants. )

**ORDER**

**AND NOW TO WIT**, this 16th day of June, 2015, upon consideration of Sandra Lynn Dilks' and Burris Logistics' Motion to Dismiss pursuant to Delaware Superior Court Civil Rules 9 and 12(b)(6), Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss, and Sandra Lynn Dilks' and Burris Logistics' Reply to Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss, **IT APPEARS THAT:**

1. This case arises out of an auto accident that occurred on October 14, 2014.[1] On December 30, 2014, Plaintiffs Mitchell Ruoff and Danielle Ruoff ("Plaintiffs") filed a Complaint against Defendants Sandra Lynn Dilks and Burris Logistics ("Defendants") alleging they suffered personal injuries in the accident

---

[1] Compl. ¶ 5 (Trans. ID. 56532049).

1

and the accident was directly and proximately caused by the Defendants' negligence.[2]

2. Plaintiffs allege that on October 14, 2014, Plaintiff Mitchell was operating his vehicle in the left center lane of Interstate 95.[3] Due to traffic stopped ahead, Plaintiff Mitchell began to slow his vehicle and came to a stop.[4] Plaintiffs allege that Defendant Dilks, an employee of Defendant Burris Logistics, was traveling directly behind Plaintiffs while operating a tractor trailer in the course and scope of her employment.[5] Plaintiffs claim that Defendant Dilks failed to slow the tractor trailer based on the traffic conditions and as a result collided with the rear end of Plaintiffs' vehicle.[6] Plaintiffs further allege that Defendant Dilks was speeding in violation of 21 *Del. C.* § 4168(a), driving recklessly in violation of 21 *Del. C.* § 4175(a), and driving in a careless and inattentive manner in violation of 21 *Del. C.* §§ 4176(a) and 4176(b).[7] Specifically, Plaintiffs contend that Defendant Dilks was proceeding through a construction zone at 61 miles per hour just three seconds before striking Plaintiffs' car and Defendant Dilks never applied

---

[2] *Id.* ¶¶ 9–14, 18–23.
[3] *Id.* ¶ 5.
[4] *Id.*
[5] *Id.* ¶ 6.
[6] *Id.*
[7] *Id.* ¶ 8.

the brakes.[8]  Plaintiffs demand judgment against Defendants for general, punitive, and special damages.

3.  On January 22, 2015, Defendants filed a Motion to Dismiss Plaintiffs' claims for punitive damages pursuant to Delaware Superior Court Civil Rules 9 and 12(b)(6).[9]  Defendants argue Plaintiffs' demand for punitive damages must be dismissed under Rule 12(b)(6) because Plaintiffs have failed to allege any material facts supporting a claim for "reckless and wanton and/or willful conduct,"[10] and failed to plead with particularity a demand for punitive damages pursuant to Rule 9(b).[11]

4.  When considering a Motion to Dismiss under Superior Court Civil Rule 12(b)(6), the Court must assume that all well-pleaded facts in the complaint are true.[12]  "Dismissal is appropriate only if it appears with reasonable certainty that, under any set of facts that could be proven to support the claims asserted, the plaintiff would not be entitled to relief."[13]  Although the pleading threshold in Delaware is low, "[a]llegations that are merely conclusory and lacking factual

---

[8] Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss, ¶¶ 2–6 (Trans. ID. 56849589). The Delaware State Police collision report states, "DelDot had signs and arrow boards clearly posted warning drivers of the left lane closure leading up to the overpass." *See* Answers to Form 30 Interrogatories (Trans. ID. 56532049).

[9] Sandra Lynn Dilks and Burris Logistics Motion to Dismiss (Trans. ID. 56649406).

[10] *Id.* ¶ 9.

[11] *Id.* ¶ 12.

[12] *Cornell Glasgow, LLC v. La Grange Properties, LLC*, 2012 WL 2106945, at *7 (Del. Super. 2012).

[13] *Clinton v. Enter. Rent-A-Car Co.*, 977 A.2d 892, 895 (Del. 2009) (internal quotations omitted).

3

basis, however, will not survive a motion to dismiss."[14] In considering a motion to dismiss under Rule 12(b)(6), the court generally may not consider matters outside the complaint.[15] However, documents that are integral to or incorporated by reference in the complaint may be considered.[16]

5. A claim of negligence must be pleaded with particularity under Superior Court Civil Rule 9(b). "Rule 9(b) ensures that a defendant is put on sufficient notice so that it may defend itself against a plaintiff's allegations."[17]

6. Punitive damages are recoverable where the defendant's conduct exhibits a wanton or willful disregard for the rights of plaintiff.[18] Wanton or willful conduct must reflect a 'conscious indifference' or 'I don't care' attitude.[19] The

---

[14] *Brevet Capital Special Opportunities Fund, LP v. Fourth Third, LLC*, 2011 WL 3452821, at *6 (Del. Super. 2011).

[15] Super. Ct. Civ. R. 12(b).

[16] *In re Santa Fe Pac. Corp. S'holder Litig.*, 669 A.2d 59, 70 (Del. 1995). Superior Court Civil Rule 3(h)(1) provides that, "[i]n any action involving a claim for personal injuries, the plaintiff shall attach and file with the complaint the following: (I) Answers to interrogatories appearing in Superior Court Civil Rule Form 30; (II) Photocopies of existing documentary evidence relating to special damages . . . ." Consistent with Rule 3, Plaintiffs filed Form 30 Interrogatories with the Complaint, which included the Delaware State Police collision report. Trans. ID. 56532049.

[17] *WP Devon Assocs., L.P. v. Hartstrings, LLC*, 2012 WL 3060513, at *4 (Del. Super. 2012).

[18] *Cloroben Chem. Corp. v. Comegys*, 464 A.2d 887, 891 (Del. 1983) (internal citations omitted).

[19] *Id.* In *Porter v. Turner*, the Delaware Supreme Court affirmed an award of punitive damages after finding sufficient evidence to support a finding that the driver exhibited willful and wanton disregard for the rights of other motorists when he ran a red light. 954 A.2d 308, 312 (Del. 2008). The evidence presented at trial indicated that the defendant faced a red light for eight seconds and, nevertheless, accelerated his tractor trailer through the intersection. *Id.* The Supreme Court found that, if believed by the jury, they could reasonably find that that conduct constituted willful and wanton disregard of the safety of others. *Id.* In contrast, in *Estate of Rae v. Murphy*, a wrongful death case, the Delaware Supreme Court affirmed the trial court's finding that the facts did not rise to the level of willful and wanton conduct necessary to support a claim for punitive damages. 956 A.2d 1266 (Del. 2008). In that case, the defendant was driving slightly over the speed limit, turned his head to speak to the passenger in his car as he

4

Delaware Supreme Court has explained that, "[o]rdinarily, questions of gross negligence and willful or wanton conduct are for the jury and are not susceptible of summary adjudication."[20] Thus, "[w]here the evidence supports a reasonable inference that Defendant's conduct meets the standard for recovering punitive damages, the question of punitive damages is typically for the trier of fact."[21]

7. Viewing the pleadings in the light most favorable to Plaintiffs, Plaintiffs have alleged sufficient facts to withstand a motion to dismiss. The allegations made in the Complaint are pleaded with sufficient particularity to put Defendants on notice of their claim.

**NOW THEREFORE,** Defendants' Motion to Dismiss is **DENIED.**

**IT IS SO ORDERED.**

_____
Jan R. Jurden, President Judge

---

approached an intersection, and ran a red light causing a collision with the decedent's vehicle. *Id.* at 1270. The Supreme Court found that the facts only established that the defendant was negligent and stated that those facts "alone [did] not elevate the culpability of his conduct from negligence to the level of 'conscious indifference' or exhibit an 'I don't care' attitude." *Id.*

[20] *Brown v. United Water Delaware, Inc.*, 3 A.3d 272, 276 (Del. 2010), *as modified* (Aug. 27, 2010).

[21] *NVF Co. v. Garrett Snuff Mills, Inc.*, 2002 WL 130536, at *4 (Del. Super. 2002) ("Under the usual standard, the issue of punitive damages, like the issue of negligence, is typically reserved for the finder of fact."); *Howell v. Kusters*, 2010 WL 877510, at *2 (Del. Super. 2010) (finding that a reasonable fact finder could determine that the defendant acted with a willful and wanton disregard for the safety of others because the defendant was traveling up to twenty miles per hour over the speed limit as she approached an intersection with a red light, went straight through the intersection without applying her breaks at any time, and was talking on her cell phone).