IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DONALD R. JOHNSON, | § | |
| | § | No. 450, 2017 |
| Plaintiff Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. N17C-03-206 |
| STATE FARM MUTUAL | § | |
| AUTOMOBILE INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant Below, | § | |
| Appellee. | § | |

Submitted: May 2, 2018
Decided: June 27, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

**O R D E R**

On this 27th day of June 2018, upon consideration of the parties' briefs and the record on appeal, it appears that:

(1) Appellant, Donald R. Johnson, appeals from a Superior Court opinion granting Appellee, State Farm Mutual Automobile Insurance Company, summary judgment. Johnson makes one claim on appeal. He contends the Superior Court erred when it found he did not qualify as an "insured" for purposes of an underinsured motorist claim against a State Farm policy insuring a vehicle which struck him while he was walking across the street as a pedestrian.

(2) On October 22, 2014, Fredia Brinkley struck Johnson with her vehicle while Johnson was crossing the street on foot. Johnson struck the hood of the vehicle and rolled off, landing on the road. At the time of the accident, Brinkley was insured by State Farm. On September 8, 2015, State Farm paid Johnson the policy limit for Brinkley's liability coverage. He also sought underinsured motorist coverage ("UIM") on the theory that he was an insured under Brinkley's State Farm policy, but such coverage was denied by State Farm. Johnson then filed suit against State Farm in the Superior Court.

(3) Brinkley's State Farm policy provides for underinsured coverage for persons insured under the policy. The policy defines "insured" as: "[the named insured]"; "resident relatives"; and "any other person while occupying . . . [the name insured's] car."[1] The policy goes on to state "[b]oth the use and actual operation of such vehicle must be within the scope of [the named insured's] consent."[2] The policy defines occupying as "in, on, entering, or exiting [the vehicle]."[3]

(4) On August 17, 2017, State Farm filed a motion for summary judgment arguing that Johnson does not qualify as an insured under the policy. On October 16, 2017, State Farm was granted summary judgment, and this appeal followed.

---

[1] App. to Appellant's Opening Br. at A23.
[2] App. to Appellant's Opening Br. at A23 (emphasis added).
[3] App. to Appellant's Opening Br. at A15.

(5) "This Court reviews *de novo* the Superior Court's grant or denial of summary judgment 'to determine whether, viewing the facts in the light most favorable to the nonmoving party, the moving party has demonstrated that there are no material issues of fact in dispute and that the moving party is entitled to judgment as a matter of law.'"[4] "When interpreting a statute, Delaware courts must 'ascertain and give effect to the intent of the legislature.'"[5]

(6) Appellant contends the Superior Court erred by finding he was not entitled to UIM coverage as an "insured" under the language of Brinkley's State Farm policy. Under his theory, he qualified as an insured under the plain language of the State Farm policy because he was occupying Brinkley's vehicle in the sense that he was "in, *on*, entering, or exiting" the vehicle. He considers himself an occupant by way of the physical contact he made when getting struck by the vehicle and being *on* the vehicle's hood.

(7) Appellant believes the Superior Court erred in applying the "geographic perimeter" test when it found that he was not "occupying" the vehicle even though he was touching the vehicle when he was struck. We have fashioned a two-prong test to determine if a person is an "occupant" of a vehicle. The claimant must either be "within a reasonable geographic perimeter of an insured

---

[4] *Brown v. United Water Del., Inc.*, 3 A.3d 272, 275 (Del. 2010) (quoting *Estate of Rae v. Murphy*, 956 A.2d 1266, 1269-70 (Del. 2008)).

[5] *State Farm Mut. Auto. Ins. Co. v. Davis*, 80 A.3d 628, 632 (Del. 2013) (citations omitted).

vehicle or engaged in a task related to the operation of a vehicle at the time injuries are sustained."[6] To be within a reasonable geographic perimeter, the claimant need be "in, entering, exiting, touching or within reach of the covered vehicle."[7]

(8) The "geographic perimeter" test was never meant to apply to a pedestrian who is struck by a vehicle.

(9) Even though Appellant may have been "on" or "touching" Brinkley's vehicle for a brief second when he was hit, he fails to recognize that we have found that Delaware's UIM statute provides that coverage is personal to the insured.[8] The purpose of that statute "is to protect innocent parties injured by the negligence of unknown tortfeasors or from those who have no means for compensating the injured persons."[9] Title 18, Section 3902 allows "a risk adverse person to establish a fund to protect against losses caused by [others]."[10]

(10) Appellant has cited no case law, or persuasive authority, that warrants extending UIM insurance to pedestrians. Brinkley carried UIM insurance to protect herself, her "resident relatives," and "any other person . . . occupying" her

---

[6] *Nat'l Union Fire Ins. Co. of Pittsburgh v. Fisher*, 692 A.2d 892, 896 (Del. 1997).

[7] *Id.* at 897.

[8] *Frank v. Horizon Assur. Co.*, 553 A.2d 1199, 1202-03 (Del. 1989); *see* 18 *Del. C.* § 3902(a) ("unless coverage is provided therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages . . .").

[9] *Fisher*, 692 A.2d at 896.

[10] *Hurst v. Nationwide Mut. Ins. Co.*, 652 A.2d 10, 14 (Del. 1995).

vehicle "within the scope of [her] consent"[11], from harm caused by "unknown tortfeasors,"[12] not pedestrians injured by her own negligence. The mere fact that Johnson was in physical contact with Brinkley's vehicle because he was struck by it does not make him an insured occupant of the vehicle able to claim benefits under Brinkley's personal UIM coverage.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is **AFFIRMED.**

BY THE COURT:

/s/   James T. Vaughn, Jr.
Justice

---

[11] App. to Appellant's Opening Br. at A23.
[12] *Fisher*, 692 A.2d at 896.